162 So.2d 545 (1964)
LAKE ERIE CHEMICAL COMPANY, a foreign corporation, Appellant,
v.
David Philip STINSON, a minor, by his father and next friend, T. Philip Stinson, and T. Philip Stinson, and the City of Leesburg, a municipal corporation, Appellees.
No. 4562.
District Court of Appeal of Florida. Second District.
April 3, 1964.
*546 Leon Handley of Gurney, Gurney & Handley, Orlando, for appellant.
H.L. Pringle, Leesburg, and Walter S. McLin, III, of Davis & McLin, Leesburg, for appellees Stinson.
Monroe E. McDonald of Sanders, McEwan, Schwarz & Mims, Orlando, for appellee City of Leesburg.
ALLEN, Judge.
Appellant, defendant below, seeks review, by interlocutory appeal, of an order denying its motion to dismiss for lack of jurisdiction and insufficient service of process. Rule 4.2 F.A.R., 31 F.S.A.
The amended complaint filed by appellees Stinson alleged, with respect to appellant,
"1. That the defendant, Lake Erie Chemical Company, hereinafter referred to as the defendant company, is a foreign corporation whose resident agent in the State of Florida is Roy E. Larsen, Tallahassee, Florida.
"2. At all times herein mentioned, the defendant company was engaged in the business of manufacturing and selling 35 MM tear gas bombs or grenades and sometime prior to the 25th day of November, 1961, the defendant company sold to the City of Leesburg a quantity of the said tear gas bombs to be utilized by the said City as a part of the normal weapons in the City's Police arsenal."
and continued, alleging that appellant's negligence in design, manufacture and distribution of the tear gas bomb, with concurring negligence on the part of the defendant-appellee City, caused injury to the minor plaintiff Stinson. Notwithstanding the allegation of a resident agent's presence in the State, service of process was made on the Secretary of State under Fla. Stat. 47.16 and 47.30, F.S.A.
Appellant appeared and moved to dismiss as aforsesaid, a hearing was held at which time the affidavit and deposition of Roy Larson were considered, and the motion was denied. Upon consideration of the record at this time, we are constrained to reverse the order denying appellant's motion to dismiss.
Although we are inclined to agree with the able trial judge that Larson's deposition tends to establish sufficient evidence of appellant's business activities in this State to justify the conclusion that it would be amenable to process under the terms of Fla. Stat. 47.16, F.S.A., see Forston v. Atlantic Engineering & Mfg. Corp., Fla.App. 1962, 143 So.2d 364; Woodring v. Crown Engineering Co., Fla.App. 1962, 141 So.2d 816, we find the allegations above quoted insufficient as a predicate for the exercise of jurisdiction under constructive service of process. Rule 1.8, Fla., R.C.P. 30 F.S.A.; Fla. Stat. 47.16, F.S.A. The allegations of the complaint upon which the court's in personam jurisdiction must rest  the two allegations quoted above  do not explicitly or by reasonable inference allege that appellant operates, conducts, engages in or *547 carries on a business or business venture in this State.
The allegation that Larson was appellant's resident agent does not constitute an allegation of appellant's business activity in the State. Indeed, unless viewed as abandoned or contradicted by service of process on the Secretary of State, the allegation of Larson's capacity and presence would preclude service on the Secretary of State, Fla. Stat. 47.16, F.S.A. The allegation that appellant sold the City certain goods, absent further explanation and in the absence of even a general allegation that appellant was engaged in business or a business venture in Florida within the intent of Fla. Stat. 47.16, F.S.A., is insufficient as a basis for service of process under Fla.Stats. 47.16 and 47.30, F.S.A.
In fine, the allegations of the complaint fail to establish a predicate for jurisdiction or service of process under the applicable constructive service statutes. Cf. Red Top Cab & Baggage Co. for Use and Benefit of Fountaine v. Holt, 1944, 154 Fla. 77, 16 So.2d 649. The facts or inferences evidenced in the subsequent deposition do not and cannot remedy this deficiency. Rule 1.15, Fla.R.C.P. was not invoked and, in any event, is not applicable in these circumstances.
In view of our conclusion we find it unnecessary to review, at this time, the other questions appellant sought to raise. However, since dismissal in this case would be without prejudice, we note that the attempted service under Fla.Stats. 47.16 and 47.30, F.S.A. seems, on the partial record now before us, to have been accomplished in a manner contrary to that required in our opinion in Green Manor Constr. Co. v. Punta Gorda Ready Mixed Concrete, Inc., Fla.App. 1963, 159 So.2d 255.
The order denying the motion to dismiss is reversed and the cause remanded for entry of an appropriate order of dismissal, necessarily without prejudice to subsequent amendment and such further action deemed appropriate.
The motion of appellee City of Leesburg seeking to dismiss the appeal because of certain apparent irregularities in the proceedings prior to entry of the appealed order is denied.
SMITH, C.J., and SHANNON, J., concur.