STURGIS, Chief Judge.
This is an appeal from an order dismissing with prejudice plaintiff’s second amended complaint against defendant Milton Francis Clardy for failure to state a cause of action. The sole issue here is whether the amended complaint stated a cause of action against said defendant within the purview of the Guest Statute, Section 320.59, Florida Statutes, F.S.A.
The complaint charges that the plaintiff was a guest passsenger in an automobile owned by defendant Milton Francis Clardy and operated by Clyde Richard Clardy, who is not a party to the action; and that plaintiff was injured when said automobile collided with an automobile owned and operated by defendant Virgie Leak Splinter, who makes no appearance on this appeal. It is alleged that plaintiff’s injuries were the proximate result of gross negligence on the part of said Clyde Richard Clardy, based on the following facts:
“That Thacker Avenue, at the time and place of said collision, was a two-way paved thoroughfare, running North and South, consisting of a parking lane on each side and two driving lanes in the middle, and was straight and level at and between all places herein mentioned; said avenue was then located in a heavily populated area within the corporate limits of Jacksonville, Florida, was subject to heavy use by vehicular traffic and aside from the parking lanes mentioned aforesaid, it had off-street parking with entrances and exits into said avenue on both sides of the said block where said collision occurred for over one hundred vehicles of customers, employees and occupants of the various business, banking and other houses located in said block, and six drive-in teller windows of the American National Bank were located on the West side of said block and ten drive-in teller windows of the American National Bank were located on the East side of said block with drive-in exits and entrances to said tellers on both sides of said avenue in said block; that the 2000-block of Thacker Avenue intersected Atlantic Boulevard approximately seventy-five feet from the place of the aforementioned collision and Atlantic Boulevard at said intersection was one of the busiest intersections within the corporate limits of Duval County, Florida from the standpoint of the amount of vehicular traffic passing through said intersection and Atlantic Boulevard was then also one of the main arteries for traffic in Duval County, Florida; that the driveway from which the Defendant, Virgie Leak Splinter, backed her automobile as hereinafter alleged was approximately fourteen feet wide and located on the East side of the 2000 block of Thacker Avenue; that the driveway from which the said Clyde Richard Clardy drove the aforesaid automobile then being operated by him was approximately thirty feet wide and located on the West side of said block; that the southerlymost edge of the said fourteen foot driveway was directly across the street from the northerly-most edge of the said thirty foot driveway ; that Thacker Avenue at all times and places herein mentioned was thirty-eight feet wide, including the said parking lanes. That the defendant, Virgie Leak Splinter, had slowly, without suddenly or quickly increasing or decreasing her speed, which at no time exceeded 10 miles per hour, backed her automobile out of the said fourteen foot driveway, bringing her said automobile to a complete stop with the rear of her car about the center of Thacker Avenue in front of said driveway from which she was backing, and then observing the aforesaid Clardy automobile, stopped at the edge of Thacker Avenue, facing Thacker Avenue, in the aforesaid thirty foot driveway, the De *562 fendant, Virgie Leak Splinter, remained stopped in her aforesaid position awaiting some action or indication •of what action the said driver of the said Clardy automobile was going to take. The said Splinter automobile remained stopped as alleged aforesaid for .approximately five seconds or more when the aforesaid driver of the Clardy .automobile suddenly and without warning and with reckless disregard for the safety of plaintiff and the condition of traffic upon the said avenue, deliberately set his said automobile in motion from its said stopped position and drove it out into the said avenue and against :and into the aforesaid automobile of the •said Virgie Leak Splinter. That the .aforesaid collision occurred at about 12:00 noon on the aforesaid date in clear, dry weather, and the Splinter automobile was visible in its entirety and in nowise obstructed from the vision of the said Clyde Richard Clardy and he could readily have seen it if he had looked throughout a period of at least five seconds prior to said collision, but •that the said Clyde Richard Clardy did not become aware of the presence of •the said Splinter automobile in said .•avenue until after he had set his car in motion as alleged aforesaid and after plaintiff had called the presence of said • car to his attention, and although he had then attempted to apply his brakes, 'he was not able to stop the said automobile operated by him before it collided as alleged aforesaid with the said Splinter automobile.”
The difficulty, if not inability, of the appellate courts to draw a distinct line between simple and gross negligence for the purpose of stating a rule of law definitely separating one from the other (see Carraway v. Revell, Fla.1959, 116 So.2d 16) is equally burdensome and perplexing to the pleader when attempting to state a cause of action under the Guest Statute in those instances where, as in the case on appeal, substantially identical facts do not appear in a reported case in this jurisdiction sustaining a complaint in an action under the Guest Statute ; and the same problem confronts the trial judge when passing upon the question of whether the complaint bridges the gap between simple and gross negligence.
In Carraway v. Revell, supra, the Florida Supreme Court reaffirmed the rule stated in Bridges v. Speer, Fla.1955, 79 So.2d 679:
“ * * * that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property.” (Emphasis supplied.)
Appellee argues, in effect, that the driver is accountable only for acts which he would know would most likely result in injury to persons or property, not for acts which he should have known would most likely have produced that result. We do not accept that premise. In Carraway the court also cited with approval the following excerpt from Faircloth v. Hill, Fla.1956, 85 So.2d 870, 872, to which we adhere:
“We have held that all of the circumstances of each case entering into the particular happening must be considered in order to determine whether liability exists. See Dexter v. Green, Fla. 1951, 55 So.2d 548. In the same case we held that while each separate act involved in the drama might not in and of itself establish gross negligence, nevertheless, the entire course of conduct of the automoble driver under all of the circumstances and in the light of all of the related factors taken collectively might well establish the existence of gross negligence by pointing to the conclusion that the driver of the car knew or should have known that his conduct placed others in danger of *563 grave injury and that under all of the circumstances he could be found guilty of a conscious indifference for the safety of others.” (Emphasis supplied.)
Each case must, of course, rest on the facts and circumstances peculiar to it. The driver of appellee Clardy’s automobile, for whose acts he is answerable, is presumed to have seen that which by the use of reasonable diligence he could have seen at the time and place and under the circumstances existing immediately prior to the accident. Accepting the allegations of the complaint as true, as is the rule in passing upon the motion to dismiss for failure to state a cause of action, the facts alleged by the subject complaint are adequate, if established by the proofs, to form the basis for submitting to a jury the question of fact as to whether or not the driver of appellee’s automobile was guilty of gross negligence resulting in compensable injury to the plaintiff.
Applying the standard laid down in Dexter v. Green, Fla.1951, 55 So.2d 548, and approved in Faircloth v. Hill, supra, we are persuaded that the complaint herein states a cause of action.
Reversed.
RAWLS, J., concurs.
WIGGINTON, J., dissents.