181 So.2d 587 (1965)
LAKE ERIE CHEMICAL COMPANY, a foreign corporation, Appellant,
v.
David Philip STINSON, a minor, by his father and next friend, T. Philip Stinson, and T. Philip Stinson, and City of Leesburg, a municipal corporation, Appellees.
Nos. 5923, 5924.
District Court of Appeal of Florida. Second District.
December 17, 1965.
Rehearing Denied January 17, 1966.
*588 W. David Rogers, Jr., of Gurney, Gurney & Handley, Orlando, for appellant.
H.L. Pringle and Davis & McLin, Leesburg, for appellee Stinsons.
No appearance for appellee City of Leesburg.
LILES, Judge.
Appellant, one of the defendants below, seeks review by interlocutory appeal of orders denying its motions to dismiss for lack of jurisdiction and insufficient service of process.
The complaint filed by the appellees Stinson alleged injury to the minor Stinson as a result of the explosion of a tear gas bomb found on appellee City of Leesburg's police range. The complaint also alleged appellant's negligence in design, manufacture and distribution of the bomb.
This marks the second appearance of the case in this court. In the prior appeal, Lake Erie Chemical Co. v. Stinson, Fla.App. 1964, 162 So.2d 545, we held that the Stinson complaint failed to allege facts sufficient to show appellant was operating, conducting, engaging in or carrying on a business or business venture in the State of Florida so as to render appellant amenable to service of process under the provisions of §§ 47.16 and 47.30, Fla.Stats., F.S.A. The cause was remanded for entry of an order of dismissal without prejudice to subsequent amendment.
The Stinsons filed an amended complaint and service of process was made upon appellant through the Secretary of State as provided by §§ 47.16 and 47.30, Fla.Stats. F.S.A. The amended complaint alleged, among other things, that appellant company is the same as the "old" Lake Erie Chemical Company which manufactured the defective bomb, but that the "old" company had sold all of its assets, including the name "Lake Erie Chemical Company," to the appellant company in 1962. The complaint also alleged that the president of the "old" and "new" corporation was the same person. It was further alleged that appellant is a foreign corporation which had never qualified to do business in Florida under State law, but that at all times material to the complaint appellant operated, conducted, engaged in or carried on a business or business venture in Florida. Specifically, the complaint alleged that appellant manufactured tear gas and tear gas projectiles for sale in the state; that its sales representative, one Roy E. Larsen, traveled through the state promoting appellant's products; that Larsen would make about 300 calls and place about 100 orders for appellant's products; and that appellant supplied twenty-five to thirty per cent of all the tear gas and tear gas equipment used in Florida.
Appellee City of Leesburg filed a cross-claim against appellant. Appellant moved to dismiss the amended complaint and the cross-claim on the grounds of lack of jurisdiction and insufficient service of process. Appellant filed various affidavits to the effect that it was not in existence at the time the cause of action accrued and that it was not "doing business" in the state within the meaning of § 47.16, Fla.Stats., F.S.A. The lower court entered orders denying appellant's motions and interlocutory appeals were taken from both orders. These have been consolidated for purposes of this appeal.
The question of corporate identity is not, we feel, one which may be considered on an interlocutory appeal directed to jurisdiction. It is axiomatic that in ruling on a motion to dismiss, the court must assume that the allegations of the complaint are true. Bobstein v. Splinter, Fla.App. 1964, 168 So.2d 560; Sompayrac v. Lewis, Fla.App. 1959, 112 So.2d 52. Appellant seeks to raise what amounts to a defense of identity of the parties in the face of an allegation that the "old" and "new" corporation are the same. We do not feel this may properly be raised or considered on a motion *589 to dismiss. Cf. Bradenburg v. Bradenburg, D.C.D.C. 1942, 80 F. Supp. 562.
Thus, the only question that must be answered is whether the lower court had jurisdiction over appellant, whatever its form, by virtue of service of process upon it pursuant to the provisions of §§ 47.16 and 47.30, Fla.Stats., F.S.A. The record before us indicates that the technical requirements of § 47.30, Fla.Stats., F.S.A., have been complied with, and it is therefore only necessary to determine if appellant is "doing business" within the meaning of § 47.16, Fla. Stats., F.S.A.
The test to be applied in making this determination is the "minimum contacts" rule set forth in International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and followed in many subsequent federal and Florida decisions. This rule was recently examined in a scholarly opinion by Judge Carroll in Simari v. Illinois Central Railroad Co., Fla. App. 1965, 179 So.2d 220. There the court stated that,
"* * * [the] rule, as we understand it, is that due process requires only that, in order to subject a defendant to a judgment in personam, if he is not present within the territory of the forum, the defendant must have certain `minimum contacts' with it, such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.' * * *"
The opinion also noted that the rule is to be applied in conjunction with the principle that each case must be resolved on its own facts. See also Woodring v. Crown Engineering Co., Fla.App. 1962, 141 So.2d 816.
The allegations of the amended complaint as to appellant's business activity in the state are supported, in the main, by the deposition of Roy Larsen. Larsen styled himself as a manufacturer's representative for appellant in the state. He stated that in a year's time he made about 300 calls and took approximately 100 orders for the company. Larsen estimated further that appellant supplied between twenty-five and thirty per cent of the tear gas and tear gas equipment in Florida. Larsen's deposition, as well as his affidavit, indicate that appellant company shipped these items directly to its various customers in the state, even though the orders were placed through Larsen.
Applying the principles discussed above, we feel the facts are sufficient under the circumstances of this case to establish that appellant was "doing business" in Florida within the meaning of § 47.16, Fla.Stats., F.S.A. Service of process through the Secretary of State was proper and the lower court orders denying appellant's motions to dismiss for lack of jurisdiction are affirmed.
SHANNON, Acting C.J., and MORROW, R.O., Associate Judge, concur.