TILLMAN PEARSON, Judge.
This interlocutory appeal presents the question of whether or not the defendant-appellee was “engaged in a business venture” in Florida within the meaning of section 47.16, Fla.Stat., F.S.A. The appellant sought to serve the appellee pursuant to section 47.30, Fla.Stat., F.S.A. The question arose upon appellee’s motion to dismiss the complaint against him upon the ground that the court lacked jurisdiction over his person. The trial judge granted the motion to dismiss, and this appeal followed. We reverse upon a holding that the defendant had sufficient contacts with the transactions out of which this cause arose to meet the “minimum contacts” rule. See International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Wm. E. Strasser Construction Corp. v. Linn, Fla.1957, 97 So.2d 458; Simari v. Illinois Central Railroad Co., Fla.App.1965, 179 So.2d 220; Lake Erie Chemical Co. v. Stinson, Fla.App.1965, 181 So.2d 587 [opinion filed December 17, 1965],
The facts upon which we base our conclusion are, in the main, uncontroverted. The issue was presented to the trial court upon defendant-appellee’s affidavit, plaintiff-appellant’s counter affidavit, the deposition of plaintiff, and the deposition of a co-defendant, Alfred A. Bean. While defendant-appellee’s affidavit was competent, it reached the issue only by way of denial of the ultimate facts.[1] The plaintiff-appel *466 lant developed the following evidentiary facts: The plaintiff was operating a sales business in Dade County, Florida. His chief supplier was an Atlanta, Georgia, partnership whose members were Alfred A. Bean and appellee, Jack J. Geldbart. Appellant owed the partnership considerable money which he could not pay. Bean came to Dade County, and made an oral agreement with appellant whereby appellant would turn over to Bean substantially all of appellant’s stock in trade and business. In return, Bean would operate a new business and (a) secure the cancellation of appellant’s debt to the Atlanta partnership, (b) pay appellant the surplus.
At the time of this agreement and at the time of the filing of the first complaint in this cause, plaintiff-appellant believed that Bean was acting individually. Upon the taking of Bean’s deposition, it was learned that Bean was acting as a partner for himself and the defendant-appellee, Geldbart. Appellant then filed an amended complaint alleging this fact.
The oral agreement with Bean was consummated, and appellant delivered his stock to the new business, which went into immediate operation. Approximately one week after the delivery, a Florida corporation was organized to take over the new business. The organizers and stockholders of the Florida corporation were Bean, Geld-bart, and a third person. Appellant’s debt to the partnership was cancelled, and a part of the surplus was paid. This suit is for the alleged balance of the surplus.
We hold that these facts, which are, as mentioned, essentially uncontro-verted, show that the appellee, Geldbart, was doing business in Florida through his partner and agent, Bean, from the time Bean came into the State to take over appellant’s stock in trade, during the operation of the business before the corporation was organized, and until the assets were transferred to the corporation.
The reasoning necessary to reach our conclusion is fully set forth in Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App.1964, 160 So.2d 733, 738, and need not be repeated here.
Reversed and remanded.

. “That deponent never conducted any business in the State of Florida, nor was he ever a partner in any firm that conducted business in Florida.
(3)
“That deponent never owned any property, either real or personal, in Florida, nor did he ever maintain an office or have a telephone listing in Florida.
(4)
“That deponent maintained his only and principal office and place of doing business in Atlanta, Fulton County, Georgia.
(5)
“Process in this action was received by the deponent herein by certified mail from the Secretary of State.
*466 (6)
“That deponent herein has never authorized the Secretary of State of Florida to be his agent to accept service of process, either within or without the State of Florida in any action or proceeding commenced in the State of Florida.
(7)
“That said deponent never qualified to do business in the State of Florida nor did deponent operate, conduct, engage in or carry on a business or business venture in the State of Florida, nor did he have an office or agency in the State of Florida.
(8)
“That deponent never did, through brokers, jobbers or distributors, sell, consign, lease by any means whatsoever, tangible or intangible, personal or real property to any person, firm or corporation in the State of Florida.”