276 So.2d 186 (1973)
Sturgis C. LYSTER, a/k/a S.C. Lyster, Appellant,
v.
Thornton E. ROUND et al., Appellees.
No. S-404.
District Court of Appeal of Florida, First District.
April 17, 1973.
Rehearing Denied May 8, 1973.
*187 S. LaRue Williams, Kinsey, Vincent & Pyle, Daytona Beach, for appellant.
Paul R. Stern, Stern, Bernardini & Chiumento, P.A., Daytona Beach, for appellees.
WIGGINTON, Judge.
By this interlocutory appeal, appellant has challenged the order of the trial court denying his motion to dismiss the cause of action on the ground that the court lacks jurisdiction over his person. The facts are undisputed and the question involved is solely one of law.
Appellant, a nonresident of Florida, came to Daytona Beach and while there entered into a written contract with appellees, Thornton E. Round and Bettye H. Round, for the purchase of their waterfront home. Appellee, Frederick W. Rugg, was the real estate broker involved in the transaction. Upon the execution of the contract, appellant issued and delivered to appellees his personal check in the sum of $10,700.00 as a good faith deposit in accordance with the requirements of the contract. After consummating the transaction, appellant returned to his home in Michigan where he promptly stopped payment on the check given by him to appellees.
Appellees instituted this action in the Circuit Court of Volusia County praying for judgment against appellant for the full amount of the check held by them. They obtained constructive service of process on appellant under the long-arm statute of our state pursuant to the provisions of F.S. Section 48.181(1), F.S.A., as follows:
"The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process *188 against them which is so served is of the same validity as if served personally on the persons or foreign corporations."
Appellant filed his motion to dismiss the cause of action on the ground that the court lacked jurisdiction over his person because he was not amenable to constructive service of process under the statute employed by appellees to accomplish that purpose. The trial court disagreed and rendered its order denying appellant's motion, from which order this appeal is taken.
It has been held to be the law of this state that one who invokes the provisions of the long-arm statute in order to obtain constructive service of process on a nonresident carries the burden of presenting a situation that clearly justifies the application of the Act. Decisions construing the Act uniformly hold that statutes of this nature are strictly construed, and parties seeking to invoke them are required to bring themselves clearly within the provisions of the Act in order to render the substituted service of process effective against the defendants.[1]
In DeVaney v. Rumsch[2] the Supreme Court, speaking through Justice Boyd, propounded the legislative intent in the enactment of the long-arm statute here considered to be: "... [T]hat any individual or corporation who has exercised the privilege of practicing a profession or otherwise dealing in goods, services or property, whether in a professional or nonprofessional capacity, within the State in anticipation of economic gain, be regarded as operating a business or business venture for the purpose of service under Florida Statute § 48.181, F.S.A., in suits resulting from their activity within the State. As indicated in Matthews [Matthews v. Matthews, Fla.App., 122 So.2d 571] the activities of the person sought to be served must be considered `collectively' and show a general course of employment and conduct of carrying on business activity in the State for pecuniary benefit."
The thread which runs constantly through the fabric of the decisions interpreting and construing our long-arm statute requires a clear showing that the transaction out of which the cause of action arises is by its very nature a business activity or a link in a chain of acts which collectively constitute the doing of business in Florida. An isolated act which from any objective viewpoint could not be held to constitute the operation, conduct, engagement in or carrying on of a business or business venture is not sufficient to activate the provisions of the statute. In Hayes v. Greenwald,[3] defendant, a resident of Florida, engaged a broker to assist in selling his homestead preparatory to moving his residence from Florida to Georgia. After defendant's home was sold and he had become a nonresident of the state, the broker instituted an action against him in Dade County seeking to recover a judgment for the brokerage fee which he claimed to be due him. He obtained constructive service of process on defendant under the long-arm statute on the theory that defendant's act in engaging a broker and selling his home in Florida constituted the doing of business sufficient to bring such activity within the purview of the statute. In reversing a judgment for plaintiff based upon such constructive process, the Third District Court of Appeal, speaking through Judge Carroll, said:
"... The isolated action of selling a home, by one who moves to another state, does not amount to a business venture within the meaning and intent of § 47.16(1) Fla. Stat., F.S.A. The cases of State ex rel. Weber v. Register, Fla. 1953, 67 So.2d 619, and Wm. E. Strasser Construction Corporation v. Linn, Fla. *189 1957, 97 So.2d 458, are distinguishable; the former because it involved the purchase and resale of business property and the latter because it concerned purchase of property for use in a planned business operation and was regarded as an initial step in such business... ."
It would appear that if in Hayes v. Greenwald the isolated act of selling a home in Florida does not constitute such a doing of business as to authorize constructive service of process under the Act, then by the same token in the case sub judice the isolated act of buying a home in Florida would call for the application of the same rule of law and render inapplicable the operation of the long-arm statute.
Appellees advance the argument that this court should take judicial notice of the expanding economy in Florida and the constantly rising values of real estate in the rapidly growing resort areas of our state. They urge that we proceed from this premise to the assumption that anyone who buys real estate in Florida at this time is speculating on the possibility of realizing a profit from his investment even though the purpose of the purchase may be for a home as distinguished from business or developmental property. Although this may have been good argument in the trial court had any evidence been adduced to support such postulates, we do not consider that it can be accepted as a substitute for the clear and convincing proof required under the decisions hereinabove cited in order to demonstrate the applicability of the statute.
For the foregoing reasons, we conclude that on the record before us the trial court erred in holding that process has been constructively served on appellant under the provisions of F.S. Section 48.181(1), F.S.A., and that the court has jurisdiction over his person. The order appealed is accordingly reversed with directions that the cause of action be dismissed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Wm. E. Strasser Construction Corp. v. Linn (Fla. 1957), 97 So.2d 458.
[2] DeVaney v. Rumsch (Fla. 1969), 228 So.2d 904, 907.
[3] Hayes v. Greenwald (Fla.App. 1963), 149 So.2d 586, 587.