MAGER, Judge.
This is an interlocutory appeal by The Elmex Corporation, an Ohio corporation, defendant below, from an order denying defendant’s motion to dismiss the complaint and quash substituted service of process of Atlantic Federal Savings and Loan Association of Fort Lauderdale, plaintiff below.
The plaintiff filed suit to recover money damages resulting from an alleged breach of a condition of a contract entered into by and between the plaintiff and defendant. At the outset of its complaint plaintiff alleged :
“ (1) Plaintiff is a corporation under the laws of the State of Florida having its principal place of business in the State of Florida and Defendant, THE ELMEX CORP.j is a corporation incorporated under the laws of the State of Ohio and derives substantial revenue from the sale of items of tangible personal property, both directly and through wholesalers and distributors, to persons and firms within the State'oí Florida.
The complaint reflected an offer by plaintiff to purchase certain merchandise from defendant for the sum of $41,400 and the forwarding of a purchase order by plaintiff to the defendant for that purpose.[1] The complaint alleges that the purchase was conditioned upon the merchandise being 100 per cent refundable and upon payment by the defendant of one-half of the' freight charges (which conditions appear on the face of the purchase order).
The plaintiff’s complaint further alleges that defendant accepted the offer when it shipped the merchandise from its warehouse located in Dallas, Texas to plaintiff in Florida. Defendant subsequently billed plaintiff for $41,999.95, representing the cost of the merchandise and freight charges which was paid in full. Plaintiff alleges that a return of a portion of the merchandise for refund was refused by defendant and, further, that defendant failed to give plaintiff credit for one-half of the freight charges incurred in the delivery and return of the merchandise. Asserting defendant’s alleged failure to perform the agreement, plaintiff claimed damages in the amount of $37,033.67.
Defendant filed a Motion to Dismiss Complaint and Quash Process asserting that the complaint failed to set forth the necessary allegations giving rise to the use of substituted service of process and failed to demonstrate the (nonresident) defendant’s minimum contacts with the state.[2]
In support of its motion defendant submitted a sworn affidavit of its vice-president which averred that the defendant corporation does not maintain or have in the State of Florida: any business office, bank account, telephone listing, books of account or any other books and records, goods stored, leased or owned property. The affidavit further avers that defendant does not have any employees or agents who performed any functions for the defendant in the State of Florida.
Plaintiff filed an opposing affidavit executed by its purchasing agent reciting substantially those allegations contained in plaintiff’s complaint relating to the purchase order, delivery of and payment for the merchandise in question.
The trial court entered a judgment and order denying defendant’s motion to dismiss, essentially concluding that the plaintiff carried its burden of presenting facts sufficient to justify substituted service under sec. 48.181, F.S.
We agree with the order denying defendant’s motion to dismiss, but for rea *61 sons other than those set forth in the court’s judgment and order. Kephart v. Pickens, Fla.App.1972, 271 So.2d 163.[3]
Although defendant seeks a reversal predicated primarily upon the contention that a single sale of goods to a Florida corporation does not constitute “doing business” within the meaning of sec. 48.-181, F.S., we do not perceive the disposition of this appeal to turn upon this determination. As it will, hopefully, more clearly appear later in this opinion, such a determination would be premature at this stage of the proceedings. The issue to be resolved is whether the plaintiff has met the burden of presenting facts sufficient to justify substituted service of process so as to withstand a motion to dismiss, i. e. has the plaintiff alleged (and proven) all requisite jurisdictional facts justifying the applicability of the long-arm statute, sec. 48.-181, F.S.[4]
The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes. Viking Superior Corporation v. W. T. Grant Company, Fla.App.1968, 212 So.2d 331; Youngblood v. Citrus Assoc. of N. Y. Cotton Exch. Inc., Fla.App.1973, 276 So.2d 505; Fawcett Publications v. Rand, Fla.App.1962, 144 So.2d 512; Young Spring & Wire Corp. v. Smith, Fla.1965, 176 So.2d 903. It is plaintiff’s burden to plead (present) facts which clearly justify as a matter of law the applicability of the substituted service statutes in order to meet a legal challenge to such service. Young Spring & Wire Corp. v. Smith, supra; American Baseball Cap, Inc. v. Duzinski, Fla.App.197S, 308 So.2d 639. It is also plaintiff’s burden (at some stage of the proceedings) to prove the allegations warranting the application of the substituted service statute in order to overcome a competent challenge to such service. See Henschel-Steinau Company v. Harry Schorr, Inc., Fla.App.1974, 302 So.2d 198.
There are, therefore, two separate and distinct considerations (or burdens to be carried) in the determination of the applicability of the substituted service statute: (1) the legal sufficiency of the pleadings; (2) the legal sufficiency of the proof.
A defendant seeking to challenge the legal sufficiency of matters alleged in a complaint relating to the application of the long-arm statute may do so by filing a motion to dismiss (or abate) on the ground of lack of jurisdiction over the person.[5] The motion, in essence, must be treated as admitting all facts properly pleaded pertinent to the conduct and activities of the defendant in the forum state and constitutes an assertion that as a matter of law such facts are nevertheless legally insufficient to demonstrate the applicability of the long-arm statute. It may be unnecessary for the defendant to do anything more than file a simple (unsupported) motion *62 where the allegations of the complaint are legally insufficient. See Lyster v. Round, Fla.App.1973, 276 So.2d 186; Lake Erie Chemical Company v. Stinson, Fla.App. 1964, 162 So.2d 545; Nichols v. Seabreeze Properties, Inc., Fla.App.1974, 302 So.2d 139; cf. Fawcett Publications, Inc. v. Brown, Fla.App. 1962, 146 So.2d 899. However, a complaint may present jurisdictional facts which (when deemed admitted for the purposes of the motion) would be sufficient to withstand such motion.
The determination of the motion is based on a consideration of the facts reflected in the pleadings or apparent from the face of the record. The court determines whether the facts are sufficient as a matter of law to justify the application of the long-arm statute. See Nichols v. Seabreeze Properties, Inc., supra; see also Lyster v. Round, supra.
A defendant seeking to inject factual matters which do not appear on the face of the record is required to support the motion to dismiss with an affidavit, deposition or other proof. See Viking Superior Corporation v. W. T. Grant Company, supra. If the supporting proof reflects facts in opposition to or in contravention of those matters contained in the complaint the issue becomes then “one of proof” with the burden shifting to the plaintiff to dearly show by competent proof that the allegations of the complaint justify the application of the long-arm statute.[6] For example where an affidavit is presented, reciting various activities and conduct in which a defendant does not engage in the forum state thereby negating or opposing the allegations of fact in the complaint, then the burden shifts to the plaintiff to present by opposing affidavit or other proof those material facts supporting the allegations in the complaint which, as a matter of law, would give rise to a determination that the defendant is “doing business” in the forum state.
Competent proof presented by a plaintiff may be evidenced by a sworn affidavit either reciting matters substantially alleged in the complaint or asserting with particularity specific facts which support a general allegation in a complaint. The evidence offered either by plaintiff or defendant must reflect mate'rial facts or facts legally pertinent to the determination of the issue of “doing business”. See Fawcett Publications v. Rand, supra; Young Spring & Wire Corp. v. Smith, supra; but see Harris v. Bean, Fla.App.1966, 182 So. 2d 464.
In the instant situation defendant’s motion to dismiss failed to overcome the legal sufficiency of the allegations contained in plaintiff’s complaint; and defendant’s affidavit in support of its motion did not contain statements of material fact requiring the plaintiff to come forth to substantiate by competent proof the jurisdictional allegations contained in its complaint. The defendant’s affidavit, although setting forth numerous instances of non-business activity in the State of Florida failed to address (negate or oppose) plaintiff’s allegation that the defendant “derives substantial revenue from the sale of items of tangible personal property . . directly ... to persons and firms within the State . . . ”; the affidavit makes no reference whatsoever to this allegation. There was no necessity, therefore, for the plaintiff to prove an allegation of fact which was not controverted by anything contained in the affidavit. For the purposes of withstanding a motion to dismiss a plaintiff is not required to prove a jurisdictional fact not at issue. Compare with Young Spring & Wire Corp. v. Smith, supra; Fawcett Publications v. Rand, supra; see also Harris v. Bean, supra.
*63 Accordingly, defendant’s motion to dismiss and quash process was properly denied since the pleadings contained sufficient jurisdictional facts not otherwise put in issue by defendant’s affidavit.
If the plaintiff’s allegation that defendant derived substantial revenue from the sale of tangible items in Florida becomes a disputed factual issue, which plaintiff is unable to substantiate by competent proof, then all that remains for the plaintiff to rely on is the transaction involving the single sale and purchase of merchandise. We do not perceive that the single isolated act of defendant’s shipment of merchandise from Texas to the plaintiff in Florida constitutes “doing business” in Florida so as to invoke the application of the longarm statute. See Lyster v. Round, supra.
In particular, the present state of the record does not reflect that the subject transaction satisfies the criteria outlined in Horace v. American National Bank and Trust Co., Fla.App.1971, 251 So.2d 33.[7] While a single transaction may, under certain circumstances, create “the necessary substantial connection with the forum state so as to make the exercise of jurisdiction reasonable and consonant with the due process tenets of fair play and substantial justice . . .”, Horace, supra, plaintiff’s complaint and affidavit show a single transaction having no substantial connection with the forum state within the contemplation of the circumstances discussed in Horace, supra. See also Southern Machine Company v. Mohasco Industries, Inc., 6 Cir. 1968, 401 F.2d 374; Lyster v. Round, supra.
In summary, from the present posture of the pleadings and proof the plaintiff at this stage of the proceedings has met the burden of presenting facts sufficient to justify the application of the long-arm statute. The trial court therefore properly denied defendant’s motion to dismiss and quash process; however, the court’s determination that it has jurisdiction to hear this matter based upon Horace v. American National Bank and Trust Co., supra, is, at present, premature and not supported by the record.
WALDEN, C. J., and OWEN, J., concur.

. From the face of the purchase order attached to the complaint it appears that the purchase order was sent to defendant at a Dallas, Texas address.

. Defendant also challenged the sufficiency of the process and the sufficiency of the service of process the validity of which contention were not raised in this appeal.

. It is well settled that an appeal court will affirm an order of the trial court on appeal consistent with any theory revealed by the record, regardless of the reason stated in the order under review.

. The statute invoked by the plaintiff in this cause, § 48.181, F.S., provides for substituted service of process upon nonresidents operating, conducting, engaging in or carrying on “a business or business venture in the state”.

. Defendant’s challenge to the long-arm statute seeking dismissal because “the complaint fails to state a cause of action” is a misnomer. It is not the sufficiency of the plaintiff’s cause of action that the defendant seeks to challenge but rather the sufficiency of that which has been alleged so far as it bears upon the jurisdiction of the court over the person of the defendant. Hence the proper motion would be for dismissal (abatement) predicated upon lack of jurisdiction over the person. The parties’ amenability to the jurisdiction of the court may also be reached by a motion to quash for insufficiency of process or insufficiency of service of process. See Trawick’s Fla.Prac. & Proc., 1975 ed., § 8-22.

. The proceeding before the lower court based upon complaint and motion, with affidavits or other proof, is in the nature of a “mini-trial” or “trial within a trial” in which the issue of the applicability of the long-arm statute is decided.

. Specifically, the third criteria discussed in Horace, supra, at page 36, namely, that the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable has not been satisfied. The “substantial enough connection” is not satisfied by the dollar amount of the transaction. It is a determination to be made by an examination of the particular facts and circumstances of each case. Fawcett Publications v. Rand, supra, See also Horace v. American National Bank and Trust Co., supra.