PER CURIAM.
Defendant-appellant Laventhol, Krek-stein, Horwath & Horwath, a national accounting firm, seeks reversal of the denial of its motion to dismiss plaintiff’s complaint upon the ground of lack of jurisdiction over the defendant in this action for damages for the negligent preparation of a financial statement.[1]
Plaintiff-appellee, Investors Tax Sheltered Real Estate, Ltd., instituted this action against the defendant for its alleged negligent preparation of a certified financial statement, which was prepared for Hallmark Group Companies, was delivered to the plaintiff in Florida, and relied upon by plaintiff to its detriment when, subsequent to entering into a leaseback agreement with Hallmark, the latter defaulted upon its obligation. With reference to the accounting services performed by the defendant in this state, the amended complaint alleged:
“8. In connection with the said transaction, LKH&H prepared a certified financial statement for Hallmark and, directly or indirectly and with actual or constructive knowledge, caused the said certified financial statement of Hallmark to be delivered and published to ITSREL in the State of Florida, where ITSREL received it and relied upon it in its decision to enter into the said sale leaseback arrangement with Hallmark; . .
Defendant moved to dismiss the complaint on the grounds that it is not subject to suit in Florida except with respect to public accounting work performed in this state by defendant or its agent, a Florida practitioner pursuant to Fla.Stat. § 473.241. The motion was denied and defendant perfected this interlocutory appeal.
The question thus becomes whether a resident partner in a national accounting firm may be properly served in a cause of action wherein it is not alleged that the accounting work was done in this state, but, rather that the result of that work was furnished to the plaintiff in this state. Section 473.241, which provides for national accounting firms to have a Florida practitioner as a resident partner obviously has as its purpose the recognition of the fact that a great deal of present-day accounting is for national corporations having holdings in many states. It follows that the statute recognizes that the accounting work will be done in many states and it provides that the resident partner may be served in any cause of action arising out of “public accounting services performed in this state by the other [partners].” We hold that the reasonable interpretation of this statute allows service on the resident partner even though it cannot be established that the “accounting work” as distinguished from “accounting services” was performed in this state.
In order for the statute to be constitutionally applied, it is necessary only that a defendant have “minimum contacts” with the State of Florida. See Lake Erie Chemical Company v. Stinson, Fla.App. 1965, 181 So.2d 587, and cases cited therein. In Rebozo v. Washington Post Company, 515 F.2d 1208 (5th Cir.1975), the court held that a libel which was published in Florida satisfied minimum contacts in Florida. It is, therefore, reasonable to hold that the dissemination of information compiled in another state and supplied in this state is public accounting services performed in this state. As a matter of public policy, any partnership having a resident partner in this state ought to be liable to the citizens of this state for actions arising out of the partnership activities in this state. We, therefore, hold that where accounting services are performed for national corporations and material is gathered from many sources and delivered in the State of Florida, such activity becomes public accounting services as defined by Fla.Stat. § 473.011(5).
Accordingly, the order appealed is affirmed.
Affirmed.

. This interlocutory appeal on jurisdictional grounds raises no other question.