SMITH, Judge.
Appellant (Ownbey) appeals a final judgment awarding appellee (Bike) $59,283.12, and prejudgment interest from February 25, 1983, to the date of the judgment, for a total of $73,267.95. Ownbey contends, among other things, that the trial court did not have proper in ■personam jurisdiction over it and that the judgment is not supported by the evidence. We affirm.
Bike’s complaint alleged that, beginning May 1980 and continuing until December 1982, Ownbey agreed to purchase sportswear manufactured by Bike on open account to be shipped to Ownbey at its store in Gainesville, Florida. Bike alleged that from December 1981 until December 1982 it shipped goods to Ownbey for which it was not paid, and that payment was due. Ownbey moved to dismiss, attaching the affidavit of its president, John D. Nichols, stating that subsequent to January 22, *619 1982, Ownbey did not own any property in Florida, did not conduct any business in Florida, and had no knowledge of the business transactions of Bike and the Gaines-ville store, subsequently renamed The Long Run. The trial court denied the motion and the cause proceeded to trial.
The evidence reveals that on January 22, 1982, Ownbey sold the Gainesville store to The Long Run, Inc. When the business was sold, Ownbey and The Long Run, Inc. agreed not to comply with the provisions of the statute governing “Bulk Transfers.” See § 676.101, et seq., Fla.Stat. (1981). Bike, one of the suppliers of the store, contended below that it was not notified of the change in ownership, and consequently continued its arrangement with the Gaines-ville store under the impression that it was dealing with Ownbey. The trial court ruled based on this and other evidence that Bike had been misled by Ownbey’s actions and that Bike was entitled to a judgment against Ownbey. Ownbey’s claim, in its third party action against Roger Tompkins, president of The Long Run, was upheld and the court ordered that Ownbey shall recover $73,267.95 from third-party defendant, Roger Tompkins.
The question of one’s apparent authority to act for another is a question of fact, the resolution of which will not be set aside unless clearly erroneous. Hobbs Construction & Development, Inc. v. Colonial Concrete Co., 461 So.2d 255 (Fla. 1st DCA 1984). Although the evidence is conflicting, the trial judge ruled that Ownbey led Bike to believe that the Gainesville store had authority to act for Ownbey. Upon review of the record and briefs of the parties, we find that his ruling is sustained by the evidence.
As to the jurisdictional issue, we note that Bike’s complaint alleged that at least a portion of the charges upon which a claim was being made occurred prior to the change in ownership of the Gainesville store, when Ownbey was still admittedly conducting business in Florida. Ownbey’s affidavit in opposition to personal jurisdiction does not dispute this but instead merely contends that after January 22, 1982, Ownbey no longer conducted business in Florida. The record before the trial court thus established that Ownbey was doing business in Florida at the time of commencement of the contractual relationship forming the basis for this litigation. Accordingly, the burden never shifted to Bike to support these allegations of its complaint with evidence. Appellant presents no authority precluding long-arm jurisdiction under this set of facts, and we hold that the motion to dismiss was properly denied for failure to overcome the legal sufficiency of allegations in the complaint. Elmex Corporation v. Atlantic Federal Savings and Loan Association of Ft. Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976).[1]
Finally, Ownbey’s remaining points that the trial court erred in awarding prejudgment interest and in denying the motion to reopen judgment and take additional testimony, are without merit. Accordingly, the final judgment appealed from is AFFIRMED.
MILLS and THOMPSON, JJ., concur.

. Appellant has not briefed and we accordingly do not discuss the question of whether the requirement of conducting or engaging in business or a business venture in this state, under Florida's long-arm statute, section 48.193(l)(a), Florida Statutes (1981), is satisfied when a Florida business is operated under the apparent authority of an out-of-state corporation so as to subject the out-of-state corporation to the jurisdiction of the Florida courts.