ALTENBERND, Judge.
The defendant, Judith Carver, appeals a non-final order denying her motion to dismiss for lack of personal jurisdiction. We reverse because the plaintiff’s complaint contains neither a legal basis for jurisdiction in the language of a statute authorizing service of process nor a factual basis for long-arm jurisdiction.
Donna Johnson filed this action as guardian of her daughter, Amy Lynn Torre. The complaint alleges that she and John Torre entered into a marital settlement agreement in July 1982, which was later incorporated into their final judgment of dissolution of marriage in Sarasota, Florida. The agreement provided that Mr. Torre would maintain a life insurance policy and designate the couple’s minor child as the beneficiary.
Before Mr. Torre died in December 1987, he designated his sister, Ms. Carver, as the life insurance beneficiary rather than his daughter. The plaintiff’s complaint alleges that Ms. Carver is a resident of Michigan, and that the insurance proceeds were distributed to Ms. Carver from Sarasota, Florida. The complaint does not contain any other factual allegations connecting Ms. Carver to Florida. The complaint does not contain an allegation that jurisdiction is predicated upon any statute that would legally authorize service of process. Fla.R. Civ.P. 1.070(i). Ms. Carver was served with this complaint in Michigan. The complaint seeks a constructive trust over the insurance proceeds.
Ms. Carver responded to the complaint by filing a motion to dismiss for lack of personal jurisdiction. She did not file any affidavits opposing jurisdiction. Instead, she simply argued that the complaint, on its face, failed to allege a factual or legal basis upon which the court could have personal jurisdiction over her. The trial court denied Ms. Carver’s motion to dismiss.
We reverse the trial court’s order because Ms. Johnson’s complaint is legally insufficient to invoke the trial court’s long-arm jurisdiction over Ms. Carver, as a nonresident. In bringing her action against a nonresident defendant, Ms. Johnson either had to allege facts which warranted jurisdiction over the nonresident, Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass’n of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976), or allege a legal basis for jurisdiction pursuant to rule 1.070(i). Ms. Carver’s alleged receipt of insurance proceeds from Florida does not fall within any of the acts enumerated within section 48.193, Florida Statutes (1987), or otherwise authorize jurisdiction.
Because Ms. Carver did nothing more than raise the legal sufficiency of Ms. Johnson’s complaint as pleaded, the trial court should permit Ms. Johnson to amend her complaint on remand. If the amended complaint contains adequate allegations of jurisdiction, then the jurisdictional issue should be resolved through the evidentiary procedure described by the Florida Supreme Court in its recent decision in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
Reversed and remanded for further proceedings consistent herewith.
FRANK, A.C.J., and PARKER, J., concur.