LEVY, Judge.
Appellant, Fromm and Partner, appeals from a trial court Order granting Appel-lee’s, Dr. Rolf W. Bartels, Motion to Dismiss for Lack of Personal Jurisdiction. We reverse.
Fromm and Partner, a German law firm, brought a Breach of Contract, Open Account and Account Stated suit against Dr. Bartels, a German citizen, alleging that Dr. Bartels failed to pay for legal services provided by the firm, in Florida, between November, 1992, and December, 1994. Dr. Bartels filed a Motion to Dismiss for lack of personal jurisdiction on the basis that he did not have sufficient minimal contacts to subject him to the jurisdiction of Florida courts. Following the rule of procedure and law that governs the filing of such a motion, Dr. Bartels filed an affidavit. A hearing on the motion was set for May 13, 1998. That hearing was continued at the request of Dr. Bartels’ counsel, and reset at the request of Fromm and Partner for August 27,1998.
The record is clear that the intent of the hearing was to present live testimony in opposition to the Motion to Dismiss, and the supporting affidavit.[1] On August 25, 1998, Fromm and Partner filed a Motion to Continue the hearing on the grounds that Hartmutt Fromm (“Mr.Fromm”), its main witness in opposition to the Motion to Dismiss, was unable to attend the hearing because of an injury to his knee. Mr. Fromm’s affidavit and a letter from his orthopedic physician were attached to the motion. The trial court denied Fromm and Partner’s Motion to Continue and, furthermore, found that Mr. Fromm’s affidavit, which was filed solely in support of the Motion for Continuance, was not an adequate affidavit to oppose Dr. Bartels’ Motion to Dismiss and its supporting affidavit, thereby leaving Fromm and Partner without an affidavit or testimony with which to oppose the motion.
Fromm and Partner contends that its intention was to present the testimony of Mr. Fromm in opposition to Dr. Bartels’ motion and affidavit. Dr. Bartels’ response is that Fromm and Partner may only oppose the Motion to Dismiss by submitting an affidavit. ,
In Venetian Salami Co. v. J.S. Parthenais, 554 So.2d 499 (Fla.1989), the Supreme Court of Florida set forth the procedure courts should follow, upon a Motion to Dismiss for lack of jurisdiction. The plaintiff will initially plead the basis for jurisdiction in her or his Complaint. In opposition, a defendant will then file a Motion to Dismiss, challenging the court’s jurisdiction over her or his person, with supporting affidavits, deposition testimony, or other proof. Venetian Salami, 554 So.2d at 502; Hyco Manufacturing Co. v. Rotex Int'l Corp., 355 So.2d 471, 473 (Fla. 3d DCA 1978); Elmex Corp. v. Atlantic Federal Savings & Loan Ass’n of Fort Lauderdale, 325 So.2d 58, 62 (Fla. 4th DCA 1976). Thereafter, the burden of going forward with evidence on the question of jurisdiction shifts back to the plaintiff who must present competent proof to *771 establish jurisdiction with sworn affidavits, testimony, a verified complaint or documents. See Venetian Salami, 554 So.2d at 502; Tobacco Merchants Assoc. of the U.S. v. Broin, 657 So.2d 939, 941 n. B (Fla. 3d DCA 1995); Elmex Corp., 325 So.2d at 62, n. 6 (describing this proceeding “based upon [the] complaint and motion, with affidavits or other proof, ... [as] a ‘minitrial’ or ‘trial within a trial’ in which the issue of the applicability of the long-arm statute is decided”). If the affidavits and/or testimony can be harmonized, the trial court is in a position to make a determination based upon undisputed facts. However, if the evidence presented by the parties conflicts, the trial court must then hold an evidentiary hearing to resolve the jurisdictional issue. Venetian Salami, 554 So.2d at 503.
In the instant case, Mr. Fromm became injured shortly before the time of the scheduled hearing. As a result, his lawyer filed a Motion for Continuance to have the hearing reset. In support of the Motion for Continuance, an unsworn “affidavit” was submitted setting forth Mr. Fromm’s medical problems and explaining that it prevented him from coming to the United States from Germany to attend the hearing. It appears that when all the foregoing was raised before the trial judge, the judge (1) took the position that the affidavit presented at the hearing by Fromm and Partner’s attorney was in support of the jurisdictional issue and, since it was unsworn, it was, therefore, insufficient; and (2)accepted Dr. Bartels’ argument that Fromm and Partner could only oppose the Motion to Dismiss by submitting an affidavit, rather than appearing in person to present live testimony. Accordingly, the trial judge disregarded the affidavit, found that Fromm and Partner failed to establish jurisdiction over Dr. Bartels, and granted the Motion to Dismiss for lack of personal jurisdiction.
It is clear from the record, that the unsworn “affidavit” submitted by Mr. Fromm was only intended to explain and supplement the Motion for Continuance and was never intended to support the basis of Fromm and Partner’s opposition to the Motion to Dismiss. Accordingly, the Order granting Dr. Bartels’ Motion to Dismiss must be reversed and the case remanded to the trial court with directions to allow Fromm and Partner an opportunity to file appropriate sworn affidavits, testimony, or other documents, in opposition to Dr. Bartels’ Motion to Dismiss and supporting affidavit. If Fromm and Partner’s sworn affidavits, testimony or documents cannot be reconciled with Dr. Bartels’ motion and sworn affidavit, the trial court can then schedule an evidentiary hearing to determine the jurisdictional issue. Venetian Salami 554 So.2d at 503.
Reversed and remanded with directions.

. The trial judge requires parties to submit a written request if a hearing requires more time than the one-half hour usually granted. Accordingly, Fromm and Partner submitted its written request for a one and one-half hour evidentiary hearing, and explained to the judge that it planned to refute Dr. Bartels’ affidavit with the testimony of several witnesses.