300 So.2d 730 (1974)
PAN AMERICANA TELEVISION LOS ANGELES, INC., Appellant,
v.
LATIN MEDIA CONSULTANTS, CORP., Etc., et al., Appellees.
No. 74-580.
District Court of Appeal of Florida, Third District.
October 1, 1974.
*731 Smith, Mandler, Smith, Parker & Werner and Joe N. Unger, Miami Beach, for appellant.
Hacker & Phelps, Edward Bergholm, Jr., Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal by defendant-appellant, Pan Americana Television Los Angeles, Inc., from an order of the circuit court denying the defendant's motion to quash service of process and to dismiss the cause for lack of jurisdiction.
Appellee, Latin Media Consultants, filed its complaint against the appellant, alleging that the appellant's principal office and place of business was in the State of California and that it conducted business in Dade County, Florida. Service of process was executed upon "Olga Piloto, corp. sec., in the absence of pres., v. pres., cashier, treas., sec., and all other heads."
Appellant filed its affidavit stating that Olga Piloto was not the corporate secretary of appellant, not a corporate officer and had never been authorized in any manner to act for appellant. The last assertion states that "Pan American does not now nor has it ever conducted any business in Dade County, Florida." The appellee neither filed any affidavit nor presented any testimony in support of jurisdiction to contravene appellant's affidavit. Thereupon, the appellant filed its motion to quash service of process and to dismiss. The trial court entered its order denying the motion, and this appeal ensued.
It is the appellant's contention that service should have been quashed and the case dismissed because the appellee failed to meet its burden of proof to show that the appellant was carrying on a business or business venture within the State of Florida in order to effectuate service under Fla. Stat. § 48.181, F.S.A. We agree. This statute must be strictly construed. The burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court; failure to meet this burden will render service on an agent invalid and ineffectual. Zirin v. Charles Pfizer and Company, Fla. 1961, 128 So.2d 594; Youngblood v. Citrus Associates of the New York Cotton Exchange, Inc., Fla.App. 1973, 276 So.2d 505. Compare Citizens & Southern Bank of Atlanta v. Popkin, Fla.App. 1973, 281 So.2d 522.
Therefore, for the reasons stated and upon the authorities cited, the order appealed *732 is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.