302 So.2d 139 (1974)
Lynn McLeod NICHOLS and Janet McLeod Varnado, Appellants,
v.
SEABREEZE PROPERTIES, INC., Appellee.
No. 74-561.
District Court of Appeal of Florida, Third District.
October 22, 1974.
Horton, Perse & Ginsberg, Miami, for appellants.
Smith, Mandler, Smith & Parker, and Joe N. Unger, Miami Beach, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal by defendants, Nichols and Varnado, from an order denying their motion to dismiss for lack of jurisdiction, insufficient service and insufficient service of process.
Plaintiff's complaint stated inter alia that there was an oral contract between *140 plaintiff Seabreeze and one Belcher whereby plaintiff agreed to find a purchaser for certain real property held jointly by Belcher, individually and as trustee of a trust under which it is alleged appellants are beneficiaries. Plaintiff's complaint further alleged that Belcher represented that he was authorized by the appellants to enter into the agreement, and that when Seabreeze acted in reliance thereon and found a purchaser, Belcher refused to execute the agreement or to consummate the sale; that as a result of this breach, Seabreeze was entitled to its commission.
Plaintiff attempted to serve the appellants, both residents of Georgia, pursuant to Fla. Stat. §§ 48.161 and 48.181, 2 F.S.A. The plaintiff relies solely on the bare complaint for jurisdiction. Neither appellees nor appellants offered testimony or documentary evidence relating to service of process. The burden of proof is on the one seeking to effect service under the substituted service statutes to present facts which clearly justify applicability of the said statutes. Compare Pan Americana Television Los Angeles, Inc., v. Latin Media Consultants Corp., Fla.App. 1974, 300 So.2d 730.
We find that the allegations in the plaintiff's complaint, standing alone, are not sufficient to support or substantiate the burden of the plaintiff in seeking to invoke the provisions of substituted service under Fla. Stat. §§ 48.161 and 48.181.
The appellees rely on William E. Strasser Construction Corp. v. Linn, Fla. 1957, 97 So.2d 458, which is distinguishable because in that case the amended complaint, and its supporting exhibits, did contain sufficient allegations and proof thereof to justify application of the substituted service statute. The court stated at page 459 that, "... each case of this kind must be resolved on the basis of the facts revealed by the record in the particular case. While certain general principles may be said to prevail, the application of these principles will be governed by the factual situation presented by a particular record."
In reviewing the facts in the record before us, we find plaintiff has not met his burden in that there are not sufficient allegations, supporting documents, or other proof to uphold the service of process.
For the foregoing reasons, the order appealed is reversed.
Reversed and remanded.