NATHAN, Judge.
This is an interlocutory appeal by the husband, the respondent in the circuit court, from an order denying his motion to dismiss or quash by special appearance, as to the issues of separation and custody.
The wife filed a petition for separate maintenance, child support, custody, attorneys fees and costs and an adjudication of property rights. The husband was served by publication, and on motion to dismiss he challenged the court’s jurisdiction over him and over the subject matter. By stipulation, as reflected in the order of the court, the motion to dismiss was denied and the proceedings were stayed pending this appellate review.
The appellant-husband contends that constructive service is not authorized where the relief sought is alimony, attorneys fees and costs and support money. He further contends that the proper procedure for a determination of custody is a writ of ha-beas corpus.
The appellee-wife contends that under § 61.10, Fla.Stat., she may obtain an adjudication of the obligations of the husband to her, and under § 61.09, Fla.Stat., she may obtain monetary relief such as alimony and child support, and that § 48.193, Fla.Stat., authorizes constructive service therefor.
Initially, we note that § 48.193(1) (e), Fla.Stat., permits constructive service of *547 process over a non-resident husband in a situation where he has been a resident of Florida and is now a resident of a foreign state, or is a resident of Florida residing in a foreign state. Absent any indication from the record that the wife proved, or even alleged, that the husband satisfies either of these requirements, this long arm statute is inapplicable and service must be quashed. See Nichols v. Seabreeze Properties, Inc., Fla.App. 1974, 302 So.2d 139, wherein this court stated that the burden of proof is on the one who is seeking to effect service under the substituted service statutes to present facts which clearly justify the applicability of the said statutes.
Sufficient proof, evidence or even allegations to justify application of the constructive service statute being absent from the record sub judice, the court erred in denying the husband’s motion to dismiss or quash, and the order appealed hereby is reversed.
Reversed.