PER CURIAM.
This is an appeal from an order dismissing one of the defendants from plaintiff’s cause. The dismissal is predicated upon a failure of the court to obtain jurisdiction over the defendant.
The defendant is a Georgia corporation. It sold a machine in Georgia which was later brought to Florida where it is alleged to have caused plaintiff’s injury. While the machine was in Florida, it was serviced by the Georgia corporation. However, the frequency of servicing and the period of time involved is not set forth.
The question presented is whether or not, under the law existing prior to the enactment of Fla.Stat. § 48.193, the present law, a non-resident corporation was doing business in the State of Florida under the very sketchy facts set out above. See Youngblood v. Citrus Associates of New York Cotton Exchange, Inc., Fla.App.1973, 276 So.2d 505, and Pan Americana Television Los Angeles, Inc. v. Latin Media Consultants, Corp., Fla.App.1974, 300 So.2d 730.
We hold that under the rule stated in Atlas Aircraft Corporation v. Buckingham, Fla.App.1974, 302 So.2d 163, the plaintiff has failed to meet its burden of proof that the defendant was doing business in the State of Florida.
Affirmed.
NATHAN, J., dissents.