PER CURIAM.
Appellant, a Florida corporation, filed a complaint against the appellee, a foreign corporation. In the complaint, appellant alleged that the .appellee’s business had brought it within the parameters of Sections 48.181 and 48.193(l)(a), Florida Statutes (1975). Appellant pled specific facts in support of this allegation.
Appellee moved to abate the action for lack of jurisdiction, but did not file any affidavits or other supportive materials. The trial court granted the motion to abate. Appellant appeals.
We agree with the appellant that the complaint alleged sufficient jurisdictional facts to obtain personal jurisdiction over the appellee pursuant to Florida’s long arm statute and to satisfy the constitutional “minimum contacts” requirement. ’ The burden then shifted to the appellee to make a prima facie showing of the inapplicability of the long arm statute. Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla.1977); Madax International Corp. v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla.2d DCA 1977); Dublin Co. v. Peninsular Supply Co., 309 So.2d 207 (Fla.4th DCA 1975).
Accordingly, we reverse the order of abatement with directions to reinstate the complaint.
GRIMES, A. C. J., and SCHEB and OTT, JJ., concur.