353 So.2d 665 (1978)
HARTMAN AGENCY, INC., Appellant,
v.
INDIANA FARMERS MUTUAL INSURANCE COMPANY, Appellee.
No. 77-1364.
District Court of Appeal of Florida, Second District.
January 4, 1978.
E. Snow Martin of Martin & Martin, Lakeland, for appellant.
Arthur C. Fulmer of Lane, Massey, Trohn, Clarke, Bertrand & Smith, P.A., Lakeland, for appellee.
GRIMES, Judge.
This is an interlocutory appeal from an order denying a motion to quash and dismiss the appellee's third party complaint on grounds of lack of jurisdiction over the appellant.
*666 The appellee sought to obtain jurisdiction over the appellant pursuant to the provisions of Section 48.181(1), Florida Statutes (1975). However, the third party complaint did not allege the manner in which the appellant was doing business in Florida nor did it allege any specific acts done by the appellant within the state. The only allegations applicable to jurisdiction were those which stated that appellant was a resident of Indiana and engaged in business in Florida.
In order to serve a foreign resident pursuant to Section 48.181, Florida Statutes (1975), the complaint must adequately allege that the cause of action arose from business activities conducted within this state. Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976). This requires allegations of specific facts which show that the defendant is conducting business in Florida. Nichols v. Seabreeze Properties, Inc., 302 So.2d 139 (Fla. 3d DCA 1974); see Elmex Corp. v. Atlantic Federal Savings & Loan Association, 325 So.2d 58 (Fla. 4th DCA 1976).
The conclusionary allegations contained in the third party complaint were insufficient to permit the appellee to obtain jurisdiction over the appellant under the statute. Cf. World Business Consultants Ltd., Inc. v. Automotive Finishes, Inc., 352 So.2d 120 (Fla. 2d DCA 1977).
REVERSED.
BOARDMAN, C.J., and OTT, J., concur.