355 So.2d 471 (1978)
HYCO MANUFACTURING COMPANY, City Welding & Manufacturing Company and Dade Truck Sales, Inc., a Florida Corporation, Appellants,
v.
ROTEX INTERNATIONAL CORPORATION, a Florida Corporation and Juan Jose Villaseca, et al., Appellees.
Nos. 77-1064 and 77-1169.
District Court of Appeal of Florida, Third District.
February 21, 1978.
*472 Fowler, White, Burnett, Hurley, Banick & Knight and A. Blackwell Stieglitz, Knight, Peters, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellants.
Anthony R. Silva, Alberto R. Cardenas, Coral Gables, for appellees.
Before PEARSON, HUBBART and KEHOE, JJ.
PEARSON, Judge.
These interlocutory appeals are by two out-of-state corporate defendants from orders denying their motions to quash service of process under the long arm statutes and denying their motion to be dismissed from the cause for lack of jurisdiction over their persons. The appeals were consolidated for all appellate purposes. We hold that the plaintiffs did not properly plead in the complaint the basis for jurisdiction and failed to carry their burden of presenting facts clearly justifying the applicability of the statute involved.
The factual basis out of which this cause arose, as alleged in plaintiffs' complaint, is as follows: The plaintiffs were damaged when a dump trailer turned over while being used on a job in Ecuador, South America. The accident occurred because of an allegedly defective hoist attached to the dump trailer, which failed to support the load. The plaintiff, Rotex International Corporation, had purchased the dump trailer with the hoist attached, in Florida, from defendant-seller, Dade Truck Sales, Inc. Dade Truck Sales, Inc., in turn, had purchased *473 the dump trailer from out-of-state defendant City Welding & Manufacturing Company. City Welding had manufactured the dump trailer and had purchased the hoist from out-of-state defendant Hyco Manufacturing Company. The tractor-trailer was manufactured in Pennsylvania and was one of several sold to defendant Dade Truck Sales.

DEFENDANT CITY WELDING AND MANUFACTURING COMPANY
In addition to stating the above facts, the complaint alleges, with regard to jurisdiction over defendant City Welding, that:
7. Defendant, CITY WELDING & MANUFACTURING COMPANY, a Pennsylvania corporation, licensed to or doing business in the State of Florida, is the manufacturer and assembler of that certain 1974 dump trailer which they sold outright or by consignment to Defendant, DADE TRUCK SALES INCORPORATED. This Court has jurisdiction over Defendant CITY WELDING & MANUFACTURING COMPANY, pursuant to F.S.A. Section 48.193 and other applicable Florida Statutes."
Plaintiff-appellee Rotex International Corporation does not specify in its brief any applicable statute, but contents itself with the statement that the facts of the case bring defendant City Welding within the purview of the "Florida Long Arm Statute." We must examine the section cited in the complaint.
In order to bring an out-of-state defendant within the jurisdiction of the courts of this state, the plaintiff must make sufficient allegations in the complaint to provide a basis for the exercise of jurisdiction. See Nichols v. Seabreeze Properties, Inc., 302 So.2d 139 (Fla. 3d DCA 1974). See also Pan Americana Television Los Angeles, Inc. v. Latin Media Consultants, Corp., 300 So.2d 730 (Fla. 3d DCA 1974); and cf. Zirin v. Charles Pfizer & Co., 128 So.2d 594, 599-600 (Fla. 1961). It is incumbent upon the plaintiffs to make the grounds for jurisdiction appear. The portion of the complaint quoted gives no fact except that the manufacturer sold the dump trailer to Dade Truck Sales. Such an allegation is not a sufficient basis for jurisdiction over a foreign defendant.
Under one of the provisions of Section 48.193, Florida Statutes (1975), the activities of City Welding outside of the state may subject it to the jurisdiction of the Florida courts where such acts cause injury to persons or property within the state. It is clear on the face of the complaint that the injury and/or damage herein occurred in the country of Ecuador on December 16, 1974.
A complaint that alleges a sufficient factual basis for the acquisition of jurisdiction requires the defendant who wishes to controvert the jurisdiction to come forward not only with a motion to dismiss,[1] but also with proof to the court of facts which show that the allegations of the complaint concerning jurisdiction over the defendant are untrue. Atlas Aircraft Corporation v. Buckingham, 302 So.2d 163 (Fla. 4th DCA 1974).
City Welding came forward with the affidavit of its president that:
1. City Welding is a corporation organized and existing under the laws of the State of Pennsylvania, with offices and plants in New Castle, Pennsylvania, and manufacturing operations conducted there.
2. At all times material to this litigation, and to date, City Welding is not and has not been authorized to engage in business in the State of Florida, does not and has not maintained any offices within the State of Florida, does not and has not employed any business agents operating within the State of Florida, does not and has not maintained a mailing address within the State of Florida, and has had no assets, real or personal, within the State of Florida, and *474 does not and has not maintained any telephone listing within the State of Florida.
We think that this affidavit was sufficient to shift to the plaintiffs the burden of going forward with evidence on the question of jurisdiction. In an attempt to meet this burden, the plaintiffs filed an affidavit of the president of defendant Dade Truck Sales. That affidavit, in pertinent part, is as follows:
"2. That commencing in the year 1972 and continuing through the present, Dade Truck Sales Inc. has maintained an open account with City Welding and Manufacturing Company of New Castle, Pennsylvania, for the purchase, sale and distribution in Florida of products manufactured, assembled, distributed and/or sold by City Welding and Manufacturing Company.
"3. That such products consist of trailers, dumps and component and maintenance parts manufactured by City Welding and Manufacturing Company and/or other manufacturers, including Hyco Manufacturing Company of Cleveland, Ohio.
"4. That an analysis of the records of Dade Truck Sales Inc. discloses that from May 1972 through December 1975, City Welding and Manufacturing Company sold to Dade Truck Sales Inc. a total of 86 trailers and three dumps, for a total value of $650,072.73."
This affidavit is insufficient to carry the plaintiffs' burden of proving facts which clearly justify the application of the statute. The plaintiffs, as appellees, rely upon Youngblood v. Citrus Associates of New York Cotton Exchange, Inc., 276 So.2d 505 (Fla. 4th DCA 1973), for a holding that because the affidavit shows that City Welding received substantial money from its interstate transaction with codefendant Dade Truck Sales, therefore, City Welding was "doing business in the State of Florida." We think that the cited case does not so hold. The fact that over an extended period City Welding sold many of its products to a codefendant in this state does not of itself constitute "doing business" in the state. It is not some mechanical test that controls in such instance, but rather the quality and nature of the activity involved. See Phillips v. Hooker Chemical Corporation, 375 F.2d 189 (5th Cir.1967); and Dooly v. Payne, 326 F.2d 941 (5th Cir.1964). The statement in the affidavit that the products of City Welding were purchased upon open account is also unavailing. It is, however, stated that products were purchased from City Welding "for sale and distribution in Florida." A defendant that maintains an agent and/or distributor in Florida is subject to the jurisdiction of the courts of this state. See Bradbery v. Frank L. Savage, Inc., 190 So.2d 183 (Fla. 4th DCA 1966). But the statements of this affidavit are entirely too sketchy to justify jurisdiction on the ground that Dade Truck Sales was the agent-distributor of the manufacturer, City Welding. The obligation of the plaintiff is not simply to raise a possibility of jurisdiction, but rather to establish jurisdiction with affidavits, testimony or documents. See Nichols v. Seabreeze Properties, Inc., 302 So.2d 139 (Fla. 3d DCA 1974).
The plaintiff, having failed to meet its burden of alleging in the complaint, and subsequently proving, facts to establish jurisdiction over City Welding, the trial court committed error when it denied that defendant's motion to dismiss.

DEFENDANT HYCO MANUFACTURING COMPANY
The complaint alleges, with regard to jurisdiction over defendant Hyco Manufacturing, that:
"8. Defendant, HYCO MANUFACTURING COMPANY, is an Ohio corporation, licensed to or doing business in the State of Florida, pursuant to F.S.A. 48.193 and applicable case law thereunder, this Court has jurisdiction over it. HYCO MANUFACTURING COMPANY is the manufacturer of the hoist supporting the trailer sold to Plaintiff by DADE TRUCK SALES INCORPORATED, and which, as hereinafter set forth, caused in whole or in part, the property damage incurred by Plaintiff."
*475 The record establishes that the only contact Hyco Manufacturing, an Ohio corporation, had with Florida is that one of its hoists manufactured in Ohio and sold to City Welding, a Pennsylvania corporation, was installed in a trailer and sold to Dade Truck Sales, a Florida corporation. Dade Truck Sales, in turn, sold the hoist to Rotex International, who shipped it to Ecuador where the accident occurred. This single transaction with no substantial connection with the forum state is insufficient to subject Hyco Manufacturing to the jurisdiction of a Florida court.
It has been consistently held that an isolated act will not subject a foreign corporation or a non-resident to the jurisdiction of a Florida court. In the case of Lyster v. Round, 276 So.2d 186 (Fla. 1st DCA 1973), the court held that an isolated act which, from any objective viewpoint, could not be held to constitute the operation, conduct, engagement in or carrying on a business or business venture, is not sufficient to activate the provisions of Section 48.181, Florida Statutes (1975).
We hold that for this reason, the trial court erred in denying defendant Hyco Manufacturing's motion to dismiss.
We further note that the record submitted does not show service, pursuant to the statute, of the process issued for either defendant-appellant.
Thereupon, the orders appealed are reversed and the cause remanded with directions to enter an order dismissing the appellants from the cause.
Reversed and remanded with directions.
NOTES
[1] It should be noted that inasmuch as this motion goes to the jurisdiction of the court, it may be renewed at any stage of the proceedings if it has been initially made pursuant to Fla.R.Civ.P. 1.140(b).