HENDRY, Judge.
Appellants/defendants, the makers of a promissory note in favor of First National Bank of Miami, take this interlocutory appeal from an order denying their motion to dismiss for lack of jurisdiction over the person in a subrogation action filed by ap-pellee/plaintiff, the guarantor of the promissory note. We reverse.
On April 25, 1969, appellants, then residents of Florida, executed and delivered a promissory note in favor of First National Bank of Miami. That same day, appellee entered into a separate contract of guarantee in favor of the bank in which they guaranteed the obligation of appellants. *164 Appellants defaulted under the terms of the note on August 18,1971, by failing to make a payment then due. Pursuant to its contract of guarantee, appellee then became liable to satisfy the indebtedness.
On March 10, 1976, appellee filed what amounts to a subrogation action against appellants, who by that time had moved to Georgia and had become residents of that state. By this action, appellee sought reimbursement of the monies it had paid the bank toward the satisfaction of appellants’ obligation, in addition to interest, costs and attorney’s fees. Appellants were personally served in Georgia pursuant to Florida’s long statutes, Sections 48.193 and 48.194, Florida Statutes (1977). Subsequently, appellants moved to dismiss the complaint for lack of jurisdiction over the person on the ground that any cause of action accrued in favor of appellee prior to the effective date of the long-arm statutes. As such, appellants argued that the utilization of the personal service provision of Section 48.194 was ineffective as a means of gaining jurisdiction over their persons. The trial judge entered an order denying the motion to dismiss and this appeal follows.
It has been clearly determined that Florida’s long-arm statutes are not retroactive in application. International Graphics, Inc. v. MTA-Travel Ways, Inc., 71 F.R.D. 598 (S.D.Fla.1976); Barton v. Keyes Company, 305 So.2d 269 (Fla.3d DCA 1974). Sections 48.193 and 48.194 became effective on July 1,1973. The accrual of the cause of action in favor of appellee, as guarantor of the note, occurred at the time it answered its obligation on the debt by paying same according to the tenor of the note — sometime in 1971. See United States v. Continental Casualty Co., 512 F.2d 475 (5th Cir. 1975); 38 Am.Jur.2d Guaranty § 127 (1968). Sections 48.193 and 48.194 are therefore not available to appellee as a means of gaining jurisdiction over appellants.
In addition, we note that notwithstanding the applicability or inapplicability of the long-arm statutes, the complaint, itself, was defective in that appellee failed to clearly plead the jurisdictional basis for service upon the non-resident appellants as required by law. Yachts v. Ray Richard, Inc., 347 So.2d 779 (Fla.3d DCA 1977).
Accordingly, the trial judge erred in denying appellants’ motion to dismiss the complaint for lack of jurisdiction over the person.
Reversed and remanded for further proceedings.[1]

. We have not been called upon to determine whether the former long-arm statute, now repealed, Section 48.182, in effect at the time of the accrual of the cause of action, or Section 48.181, still in effect, could be utilized by appel-lee sub judice as a means of gaining jurisdiction over appellants. We leave those avenues open for appellee’s consideration in light of International Graphics, Inc. v. MTA-Travel Ways, Inc., supra.