PER CURIAM.
By this appeal Gail M. Connell, one of the defendants below, seeks reversal of an order denying her motion to quash substituted service which was made upon her. We find error, and reverse.
In April of 1969 Thomas J. Connell and his wife, the appellant Gail Connell, who then were residents of Florida, became makers on a promissory note payable to the First National Bank of Miami, in the amount of $45,000.00 with specified interest and with provision for payments thereon to be made quarterly. The appellee Ott Research & Development, Inc., by separate instrument, became guarantor on that obligation. Following a default on the note *CCC and payment made by the guarantor, the guarantor as subrogee of the bank filed action against the Connells. By then the Connells had become residents of Georgia. Personal service upon them which was attempted to be made under Florida’s long arm statute, Section 48.193 and 48.194, Florida Statutes (1975), was held to be ineffective on the ground that the cause of action arose prior to the effective date of the service statute, which was not retroactive. See Connell v. Ott Research & Development, Inc., 363 So.2d 163 (Fla. 3d DCA 1978). In the opinion on that first appeal, by footnote the court stated it was not called upon to decide whether substituted service could be made under Section 48.181, Florida Statutes (1977), which provides for service on non-residents engaged in business in this state.[1]
In an amended complaint filed by the plaintiff, as a predicate for serving the nonresident defendants under Section 48.181, Florida Statutes (1977), it was alleged:
“4. Defendants, THOMAS J. CON-NELL and GAIL M. CONNELL, have worked, owned real and personal property, have maintained bank accounts in Dade County, Florida. All negotiations and transactions relative to this action occurred in Dade County, Florida, where and when defendants were residing. Defendants are amenable to service of process pursuant to Florida Statutes, Sections 48.161 and 48.181 as defendants were residents of Florida when said transactions took place and defendants are now residents of Georgia. Further, defendants conducted business or business ventures in Florida. Defendant, THOMAS J. CONNELL, was an employee of plaintiff corporation and was an officer and director of other corporations during 1969, 1970 and 1971 in Dade County, Florida.
“5. Plaintiff is informed and believes further that defendant, GAIL M. CON-NELL, while a resident of the State of Florida had worked, been employed and had conducted business or business ventures.”
Service made on the defendants thereafter, pursuant to said Section 48.181 was not opposed by the defendant Thomas Connell, but his wife Gail Connell challenged the validity of such service, by a motion to quash supported by two affidavits. An affidavit of Gail Connell stated, in substance, that at the time involved her husband was an employee of the plaintiff corporation, but that she had been a housewife; that she had not been gainfully employed, and that she had not engaged in any business or business venture in Florida; that the promissory note was given to evidence a loan obtained from the bank by her husband and that the proceeds of the loan were used by her husband for the purchase of corporate stock of Brothers Two International Inc., which stock was issued to her husband; that she received no consideration for signing the note; and that the reason she also signed the note was that the bank would not lend the money to her husband unless she did so.
The affidavit of Thomas Connell stated the bank had required his wife’s signature on the note; that the purpose of the loan obtained by him from the bank was to enable him to purchase stock in Brothers Two International, Inc., of which he was a director; that the proceeds of the loan were received and so used by him; that his wife received no consideration; that she had not been employed or involved in any business activity in Florida; and that she was acting as a housewife.
The order denying appellant’s motion to quash the service did not contain a *CCCI statement of a reason or ground therefor. In support of the court’s order the appellee argues that the appellant should be considered as having been engaged in business in Florida because (1) while residing in Florida she had owned property, had a bank account and “had a husband who was working full-time here;” (2) that by signing the note evidencing the bank’s loan to her husband she was assisting him and making it possible for him to obtain the loan; (3) that the stock which the husband purchased with the proceeds of the loan was “for the benefit of the Connell family.”
Those matters relied on by the appellee cannot be regarded as establishing that the appellant, by signing the note evidencing a loan obtained by her husband, was engaging in business in Florida. The loan was not made to her and she had no part in the transaction for which the proceeds of the loan were used. Her isolated act of co-signing the note to the bank for no personal business purpose or benefit to her, but solely as an accommodation of the husband, did not amount to her engaging in business or business venture in Florida such as would make her amenable, as a subsequent nonresident, to service of process under said Section 48.181. Hayes v. Greenwald, 149 So.2d 586 (Fla. 3d DCA 1963); James v. Kush, 157 So.2d 203 (Fla. 2d DCA 1963); Odell v. Signer, 169 So.2d 851, 853 (Fla. 3d DCA 1964); Uible v. Landstreet, 392 F.2d 467, 470 (5th Cir. 1968); Spencer Boat Co., Inc. v. Lieutermoza, 498 F.2d 332 (5th Cir. 1974).
As a predicate for serving the nonresident Gail Connell under said Section 48.181, the amended complaint presented only conclusionary allegations, alleging that the “defendants” conducted business or a business venture in Florida, and, on information and belief, that while a resident of Florida Gail Connell had been employed and conducted business or business venture there. Those conclusionary allegations were not supported by any allegation that the- cause of action arose from business it was thus alleged the wife had conducted in Florida. See Hartman Agency, Inc. v. Indiana Farmers Mut. Ins. Co., 353 So.2d 665 (Fla. 2d DCA 1978); Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976).
If the allegations could be regarded as legally adequate to prompt the substituted service on Gail Connell, the uncontradict-ed affidavits filed in support of her motion to quash the process were sufficient to show invalidity of the service upon her; and it was error to deny her motion to quash.
The order appealed from is reversed and the cause is remanded with directions to enter an order quashing the substituted service on the defendant-appellant Gail Con-nell.
It is so ordered.

. § 48.181, Fla.Stat. (1977), provides that acceptance of non-residents or residents who become non-residents of “the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state or to have an office or agency in the state” constitutes appointment by such persons of the secretary of state as their agent for service upon them of process “in any action or proceeding against them, arising out of any transaction or operation connected with or incident to the business or business venture;” with provision that process so served shall be of the same validity as if served personally.