HOBSON, Acting Chief Judge.
The appellant, Leota Sholomicki, filed suit against George Izenour Associates, Inc., George Izenour individually, and numerous other defendants, for the wrongful death of Paul G. Sholomicki. The appellant contends that the trial court erred when it held that the court did not have in personam jurisdiction over George Izenour and George Izenour Associates, Inc., the appel-lees on this appeal. We agree and reverse.
*1268 The appellees are out-of-state architects who designed a portion of the Van Wezel Performing Arts Hall in Sarasota, Florida. The decedent was killed while employed as a stagehand at the theatre; his death was allegedly the result of the negligent design of the theatre by the appellees. Trial counsel for the appellees moved to dismiss the portion of the complaint alleging a claim against the appellees. The trial court granted the motion because the court found that it lacked in personam jurisdiction over the appellees under Section 48.181, Florida Statutes (1977), which the appellant conceded was the proper basis for jurisdiction.
The appellant’s amended complaint alleged that the appellees were engaged in the business of designing buildings and that they had designed the Van Wezel Performing Arts Hall in Sarasota, a building accessible to the general public. The complaint made specific allegations of negligence and asserted that the decedent had been killed as the result of the appellees’ negligence. We find that the complaint sufficiently alleges the minimum contacts between the appellees and the State of Florida to subject the appellees to the jurisdiction of the Florida courts. Hartman Agency, Inc. v. Indiana Farmers Mutual Insurance Company, 353 So.2d 665 (Fla. 2d DCA 1978), is clearly distinguishable. The plaintiff in Hartman did no more than allege the conclusions that the out-of-state defendant was doing business in the State of Florida and subject to the jurisdiction of the Florida courts. The appellant in this case has done far more than the plaintiff in Hartman; she specifically alleged what the appellees did which constituted doing business in the State of Florida. The amended complaint alleged the specific acts required to show that the appellees were doing business in Florida. 353 So.2d at 666; Nichols v. Seabreeze Properties, Inc., 302 So.2d 139 (Fla. 3d DCA 1974). The amended complaint properly alleges that the death of the decedent arose from the business activities of the appellees in the State of. Florida. Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976). While the complaint did not specifically refer to Section 48.181, we find that failure is not a fatal defect. Accordingly, we find that the appellees are subject to the jurisdiction of the Florida courts.
REVERSED and REMANDED.
OTT and RYDER; JJ., concur.