441 So.2d 1144 (1983)
INVESTORS ASSOCIATES, INC., Appellant,
v.
Jane MOSS, Appellee.
No. 82-1440.
District Court of Appeal of Florida, Third District.
November 15, 1983.
Rehearing Denied December 22, 1983.
*1145 Samuel I. Burstyn and Michel Ociacovski, Miami, for appellant.
Shalle Stephen Fine, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This appeal, taken from a final judgment which awards money damages to appellee, challenges that part of the judgment which finds jurisdiction over the parties and subject matter.[1]
Appellee, a securities investor, commenced this action in the circuit court alleging that appellant, a stock brokerage firm, in violation of her instructions, traded her account on margin in speculative securities, occasioning substantial losses. The jurisdictional facts, as alleged in an unsworn amendment to the complaint, are:
The defendant actively solicited the business of the Plaintiff [sic], a resident of the State of Florida, calling her for the specific purpose of attempting to get her to place money with them and to purchase securities through them using their long distance telephone to initiate and promote the business relationship between the Defendant and the Plaintiff resident in Florida.
The evidence, taken from an affidavit of the appellant and deposition of the appellee, shows without contradiction that appellant has offices in, and does business in the State of New Jersey; the parties entered the subject agreement while appellee was a New Jersey resident; appellant has no agents or offices in Florida nor have any of its agents ever solicited business, or even been in the State of Florida; appellant's contact with appellee after she moved to Florida has been limited to answering telephonic inquiries, initiated by appellee, as to the status of her account.
It is unnecessary to decide whether the complaint alleges a sufficient factual basis for the acquisition of jurisdiction. The sufficiency of proof presents a much easier and equally dispositive issue. The affidavit filed by defendant in support of its motion to dismiss for lack of jurisdiction over the person was sufficient to shift to the plaintiff the burden of going forward with evidence on the question of jurisdiction. The proof presented by plaintiff was insufficient or, more accurately, nonexistent. A plaintiff seeking to subject a non-resident defendant to the jurisdiction of the court via the long-arm statute does not satisfy her obligation by simply alleging facts which show a possibility of jurisdiction; in the face of a meritorious challenge, the *1146 plaintiff has to prove jurisdiction over the person by affidavits, testimony or documents. Hyco Manufacturing Co. v. Rotex International Corp., 355 So.2d 471, 474 (Fla. 3d DCA 1978); see also Nichols v. Seabreeze Properties, Inc., 302 So.2d 139 (Fla. 3d DCA 1974).
Since the plaintiff failed in her burden to prove jurisdiction over the defendant, the defendant's motion to dismiss should have been granted.
Reversed and remanded with directions to dismiss.
NOTES
[1] The court entered an order denying defendant's motion to dismiss for lack of jurisdiction several months prior to the final judgment. That non-final order finding jurisdiction over the person was appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), but failure to take an immediate appeal from that order does not bar review of the question on plenary appeal. Fla.R.App.P. 9.130(g); Saul v. Basse, 399 So.2d 130 (Fla. 2d DCA 1981). Neither does the fact that judgment of liability was entered by default rather than after a trial on the merits affect the appealability of the non-final order. No further evidence was presented on the jurisdictional issue after the hearing on the motion to dismiss.

In the same motion to dismiss defendant challenged the court's jurisdiction over the subject matter on the basis that plaintiff's claim, which alleged violations of the Federal Securities Exchange Act of 1934, is exclusively within the jurisdiction of the federal courts. We need not reach this issue since we decide this case solely on the basis of lack of personal jurisdiction.