FERGUSON, Judge.
This case was before the court earlier on an appeal from an order denying a motion to vacate a default judgment entered against the Coopersteins. We relinquished jurisdiction of the case to the trial court to decide the still pending question of jurisdiction over the person. After an evidentiary hearing, the trial court ruled that there was no basis for the exercise of long-arm jurisdiction, vacated the default judgment, and dismissed the cause without prejudice to renew the action in an appropriate forum.[1]
The evidence, as found by the court, showed that Mr. Cooperstein, a resident of New York, had executed a marketing agreement in New York with Pan-Oceanic Marine, Inc., a Florida boat builder. We agree that the facts provided insufficient grounds for the exercise of jurisdiction by a Florida court in an action brought by Mutual, a Virginia savings and loan association, against the Coopersteins on a consumer loan for the purchase of a boat. See Hyco Mfg. Co. v. Rotex Int’l Corp., 355 So.2d 471 (Fla. 3d DCA 1978); §§ 48.181, 48.193(1)(a), Fla.Stat. (1987); see also Wm. E. Strasser Constr. Corp. v. Linn, 97 So. 2d 458 (Fla.1957). Having correctly determined that there was an insufficient basis for the exercise of long-arm jurisdiction, an issue raised by the Coopersteins’ motion, the trial court properly vacated the default judgment and dismissed the cause.
Affirmed.

. The Coopersteins, appellants in case no. 86-1092, were ultimately the prevailing parties in the trial court. This review concerns only the judgment adverse to Mutual in case no. 88-2803, which effectively disposed of both issues — vacation of the default judgment and dismissal of the cause.