675 So.2d 684 (1996)
Joyce NEWBERRY, Appellant,
v.
Kathryn RIFE, Appellee.
No. 95-01832.
District Court of Appeal of Florida, Second District.
June 21, 1996.
John M. Stolfi of Neilson and Associates, Orlando, for Appellant.
No appearance for Appellee.
QUINCE, Judge.
Joyce Newberry appeals the trial court's order denying her motion to dismiss for lack of personal jurisdiction. We reverse because the complaint does not allege sufficient facts to allow substituted service pursuant to section 48.181, Florida Statutes (1991).
On or about February 6, 1993, Kathryn Rife filed a complaint alleging damages as a result of a injuries suffered when a dog owned by Joyce Newberry attacked her. The second amended complaint filed on April 20, 1994, which was the subject of the motion to dismiss, alleged Newberry was a nonresident of Florida doing business in the state. Affidavits filed on Rife's behalf indicated personal service on Newberry had been attempted on a number of occasions. A copy of the second amended complaint and a summons directed to Newberry were served on the *685 Secretary of State on May 20, 1994, and service was accepted on May 24, 1994.
On January 10, 1995, Newberry made a special appearance to contest jurisdiction. The motion to dismiss specifically raised the issues of personal jurisdiction, insufficiency of process and insufficiency of service of process. A hearing was conducted on February 15, 1995. The trial court entered an order on April 13, 1995, denying the motion to dismiss.
The evidence indicates Joyce Newberry is a nonresident of the State of Florida. She is one of three shareholders and a director in a business in Florida operating at 8025 Anderson Road, Tampa, Florida, the site of the alleged attack by the dog. The business operated there is auto repair; however, Ms. Newberry does not personally engage in the business. The dog that bit Ms. Rife is owned by Ms. Newberry but has no connection with the business except it was kept on the business premises during Ms. Newberry's absence.
Service of process for Ms. Newberry was made on the Secretary of State pursuant to section 48.181, Florida Statutes (1991). Section 48.181 provides that a nonresident who accepts the benefits of doing business in Florida appoints the Secretary of State as agent for service of process in any action arising out of, connected with, or incident to the business venture. We find Joyce Newberry does not meet the criteria for substituted service on the Secretary of State.
In order to serve a nonresident pursuant to section 48.181, the complaint must allege specific facts which show that the defendant is conducting business in Florida and that the cause of action arose from business activities within this state. Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976); Hartman Agency, Inc. v. Indiana Farmers Mutual Ins. Co., 353 So.2d 665 (Fla. 2d DCA 1978); Connell v. Ott Research & Development, Inc., 377 So.2d 219 (Fla. 3rd DCA 1979). While the evidence indicates Newberry is a nonresident, there is no evidence to support a conclusion that she was engaged in business in this state nor is there evidence that the cause of action arose from the conduct of business in the state. At most there is record support for the fact that she was a shareholder and director in a Florida corporation. The mere fact that one holds shares in or is a director of a corporation is not the functional equivalent of doing business in the state. A.B.L. Realty Corp. v. Cohl, 384 So.2d 1351 (Fla. 4th DCA 1980). A nonresident who is not conducting business in the state which is connected with the plaintiff's cause of action and who is merely an officer or director of a corporation is not amenable to suit in the manner attempted here. See Unterman v. Brown, 169 So.2d 522 (Fla. 2d DCA 1964).
Neither the allegations in the complaint nor the evidence presented at the hearing permits Rife to obtain jurisdiction over Newberry under section 48.181. We, therefore, reverse the order of the trial court denying Newberry's motion to dismiss.
CAMPBELL, A.C.J., and PATTERSON, J., concur.