RAMIREZ, J.
Appellani/Plaintiff Tire Group International, Inc. (Tire Group), appeals the entry of an order vacating a default judgment entered against individual non-resident defendants. We affirm because the complaint fails to allege personal jurisdiction and Tire Group did not comply with the statutes allowing substitute service of process.
Tire Group sued two Brazilian corporate defendants and seven Brazilian individual defendants.[1] The sole basis for proceeding against the individual defendants was an alleged breach of an oral guaranty to pay the corporate defendants’ debts. The complaint also alleged that the individual defendants, while residents of Brazil, “have engaged in business in Miami Dade County through their dealings with [Tire Group], and have guaranteed the business obligations of [the two corporate defendants] in Florida. In that regard, they have operated, conducted, engaged in or carried on a business or business venture in this state.”
Tire Group’s counsel served all of the defendants through the Secretary of State, pursuant to sections 48.161 and 48.181, Florida Statutes (1999), and sent a copy of the complaint and summonses to each of the defendants at the address of one of the corporate defendants in Brazil. In an attempt to comply with section 48.161, counsel also sent a copy of the Secretary of *1059 State’s acceptance of service of process, as well as a copy of the complaint and summonses, to each of the defendants by registered mail at the same Brazilian address using a single envelope for all. The names of all of the defendants were included on a single return receipt.
The trial court subsequently granted Tire Group’s motion for default and entered a default judgment against all of the defendants, which the defendants moved to vacate. Each of the individual defendants alleged that he/she: (1) had never personally transacted business with Tire Group’s representatives; (2) had never guaranteed the corporate defendants’ obligations; (3) did not reside in this state; (4) had never transacted business in this state; and (5) was unaware of this lawsuit prior to the entry of the default judgment. The trial court granted the motion with respect to the individual defendants holding that service of process was ineffective because Tire Group failed to perform a diligent search and inquiry to support substituted service of process upon the Secretary of State and failed to properly mail service of process to the individual defendants.
In order to determine whether long-arm jurisdiction is appropriate, the trial court must first decide whether the complaint alleges sufficient jurisdictional facts to bring the action within section 48.181, which allows service of process on non-residents engaging in business in Florida. See § 725.01, Fla.Stat. (1999). Second, the trial court must determine whether the non-resident has sufficient minimum contacts with Florida such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice so that the defendant should reasonably anticipate being haled into court in Florida. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989).
In this case, the threshold of personal jurisdiction turns on whether the individual defendants operated, conducted, engaged in, or carried on a business or business venture in the state. The complaint must allege specific facts which show that the individual defendants conducted business in Florida and that the cause of action arose from business activities within this state. See World Class Yachts, Inc. v. Murphy, 731 So.2d 798, 799 (Fla. 4th DCA 1999); Newberry v. Rife, 675 So.2d 684, 685 (Fla. 2d DCA 1996). The complaint alleges an oral promise to pay the corporate defendants’ debts to show that the individual defendants conducted business in Florida. While the execution of a promissory note within the State “has been construed as a business venture,” see CommerceBank, N.A. v. Taylor, 639 So.2d 1058, 1059 (Fla. 3d DCA 1994), the complaint does not clearly allege that the oral promise was made within the State of Florida.
Even if the oral promise were deemed to be engaging in business in Florida, the oral promise would still constitute insufficient minimum contacts in Florida. See Marsh Supermarkets, Inc. v. Queen’s Flowers Corp., 696 So.2d 1207, 1209 (Fla. 3d DCA 1997) (holding that the mere purchase of goods within the State of Florida by a non-resident without more is insufficient to satisfy the due process requirements of minimum contacts). The individual defendants in this case are even further removed from minimum contacts with Florida than the non-resident in Marsh because the individual defendants are merely alleged to have guaranteed the payment of corporate debts. See Milberg Factors, Inc. v. Greenbaum, 585 So.2d 1089, 1092 (Fla. 3d DCA 1991) (holding that execution of a guaranty with a foreign corporation in Florida is insufficient evidence of the foreign corporation’s continuing business ventures in the state so as to warrant assertion of long-arm jurisdiction over the corporation); see also Renda v. Peoples Fed. Sav. & Loan Ass’n of Tarentum, Pa., 538 So.2d 860, 863 (Fla. 1st DCA 1988).
*1060 In addition to the lack of jurisdiction, the trial court correctly vacated Tire Group’s default judgment because the individual defendants were improperly served. Tire Group served the Secretary of State, then sent notice of service to all the individual defendants in one envelope addressed to a corporate defendant and did not attempt to obtain a better address for the individual defendants, nor did Tire Group attempt any search for them within the State of Florida. See Cross v. Kalina, 681 So.2d 855, 856 (Fla. 5th DCA 1996) (“A plaintiff may not use substituted service of process allowed by sections 48.161 and 48.171 unless it is shown that efforts have been made to find the defendant .” The same requirements apply to service of process under sections 48.161 and 48.181). Tire Group argues that all cases mandating diligent search deal only with defendants who are concealing their whereabouts and do not apply to non-residents. We see no reason to approve a tactic which permits plaintiffs to mail statutorily-required notices to a defendant’s place of employment without a modicum of effort to ascertain his or her residential address.
We also conclude that placing all the notices and copies of the process into one envelope does not satisfy the requirements of section 48.161. See Federal Nat’l Mortg. Ass’n v. Fandino, 751 So.2d 752, 753 (Fla. 3d DCA 2000) (“Where substitute service of process is used, strict compliance with the statutes governing this form of service is essential to obtaining valid personal jurisdiction over the defendant(s).”); see also George Fischer, Ltd. v. Plastiline, Inc., 379 So.2d 697, 699 (Fla. 2d DCA 1980)(“[The] burden [placed upon the party who relies upon substitute service] can include an obligation ‘to show [the] connection between the defendant and the address to which [plaintiff] chose to send the letter containing process.’ ”).
For these reasons, we find that the allegations set forth in the complaint were insufficient to invoke long-arm jurisdiction and the method employed to serve process failed to satisfy the statutes allowing substitute service of process.
Affirmed.

. The corporate defendants were sued for breach of six separate contracts to purchase tires, goods sold and delivered, account stated, and passing worthless checks. The trial court's denial of the motion to vacate the default judgment against them has not been appealed.