Diane URE and Thomas
Ure, Jr., Plaintiffs,

v.

OCEANIA CRUISES, INC. and Fabian
Bonilla, M.D., Defendants.

Case No. 14–21340–CIV

United States District Court,
S.D. Florida.

Signed August 18, 2015

---

Carlos Felipe Llinas Negret, Jacqueline Garcell, Jason Robert Margulies, Lipcon Margulies, Alsina & Winkleman, P.A., Miami, FL, for Plaintiffs.

Carlos Javier Chardon, Hamilton, Miller & Birthisel, LLP, Darren Wayne Friedman, Jeffrey Eric Foreman, Marcus G. Mahfood, Brian Hugo McGuire, Foreman Friedman, PA, Miami, FL for Defendants.

## ORDER

### DARRIN P. GAYLES, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** came before the Court upon Defendant Fabian Bonilla M.D.'s, Limited Appearance for the Purpose of Moving to Quash Service of Process and to Dismiss Plaintiffs' Amended Complaint for Lack of Personal Jurisdiction [ECF No. 64]. The Court has considered the Motion and applicable law. Based thereon, the Court grants the Motion in part.

### Background

Plaintiffs Diane Ure ("Mrs.Ure") and Thomas Ure, Jr. ("Mr.Ure") brought this action against Defendants Oceania Cruises, Inc. ("Oceania") and Fabian Bonilla, M.D. ("Dr.Bonilla"). Plaintiffs allege that while aboard Oceania's ship, Dr. Bonilla, the ship physician, evaluated and treated Mrs. Ure for a gastrointestinal illness. After several days, Mrs. Ure's condition deteriorated, necessitating emergency medical treatment. Oceania recommended Bay View Hospital in Barbados and arranged for Mrs. Ure's transfer and on-shore treatment. Bay View allegedly mismanaged Mrs. Ure's treatment and/or was unable to adequately provide emergency care. Mrs. Ure suffers permanent injury from her illness.

Dr. Bonilla is a citizen of Ecuador. On June 13, 2014, pursuant to Plaintiffs' request, the Clerk's office sent Dr. Bonilla, via Federal Express, a copy of the Complaint and Summons to his address in Quito, Ecuador. On June 18, 2014, Dr. Bonilla received the Complaint and Summons.

The Federal Express tracking indicates that "F. Bonilla" signed the package.

### Discussion

Federal Rule of Civil Procedure 4(f) sets forth the requirements for service on an individual living in a foreign country and provides that an individual may be served outside of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

    (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

    (C) unless prohibited by the foreign country's law, by:

        (i) delivering a copy of the summons and of the complaint to the individual personally; or

        (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Dr. Bonilla contends that the only accepted method of service in Ecuador is through exhorts or letters rogatory and that therefore, under Rule 4(f)(2), Plaintiffs' service was improper. In support, Dr. Bonilla provides the affidavit of Dr. Frowel Cun Ugalde ("Dr. Ugalde"), an attorney in Ecuador. In his affidavit, Dr. Ugalde asserts that the Code of Private International Law Sanchez de Bustamante provides that "any judicial proceedings that a contracting State may need to practice in another, shall be effected through exhorts or letters rogatory issued by the diplomatic channels." The United States, however, is not a signatory to the Bustamante Code of Private International Law and therefore is not a "contracting State."

The United States and Ecuador are both signatories to the Inter–American Convention on Letters Rogatory (the "Inter–American Convention"). *See* www.oas.org/juridico/english/sigs/B-36.html. Courts interpreting the Inter–American Convention have held that its "provisions regarding service of process are neither mandatory or exclusive." *Paiz v. Castellanos*, No. 06–22046, 2006 WL 2578807 at * 1 (S.D.Fla., Aug. 28, 2006). *See also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir.1994)("nothing in the language of the [Inter–American] Convention expressly reflects an intention to supplant all alternative methods of service."). Accordingly, Plaintiffs may, but are not required, to serve Dr. Bonilla via the Inter–American Convention.

■ However, according to Dr. Ugalde, "foreign service via registered or certifying postal or mail messages, is not permitted within Ecuadorian legislation, being the only accepted proceeding, the exhort or letter of rogatory ...."). Affidavit of Dr. Frowel Cun Ugalde [ECF No. 64–2]. Plaintiffs have not submitted any affidavits contradicting Dr. Ugande's assertions, nor

have they pointed to any Ecudorian legislation or case law which contradicts Dr. Ugande's statements. Accordingly, the Court finds, for this action, that Ecuadorian law does not permit service on Dr. Bonilla via federal express, registered mail, or certified mail.

All of the options for service under Rule 4(f) require that the particular method of service is not prohibited by the law in the country in which service will be effectuated. *See Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916, 924 (11th Cir. 2003)("Thus, because service [by registered mail] was prohibited by Austrian law, Prewitt could not have effectively served OPEC under Fed. R. Civ. P. 4(f)(C)(ii).").

■ Plaintiffs also attempted substituted service pursuant to Florida Statute § 48.181. "In order to serve a nonresident defendant pursuant to section 48.181, the complaint must allege specific facts which show that the defendant is conducting business in Florida and that the cause of action arose from business activities in this state." *Newberry v. Rife,* 675 So.2d 684, 685 (Fla. 2d DCA 1996). Plaintiffs have not sufficiently alleged that the cause of action arose from business activities in the state of Florida. Accordingly, any service pursuant to § 48.181 must be quashed. *See Royal Caribbean Cruises, Ltd. v. Jackson,* No. 12–22000, 2013 WL 496060 (S.D.Fla., Feb. 7, 2013)(granting motion to quash where plaintiffs could not show that the cause of action arose from business activities within Florida)

### Conclusion

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Fabian Bonilla M.D.'s, Limited

Appearance for the Purpose of Moving to Quash Service of Process and to Dismiss Plaintiffs' Amended Complaint for Lack of Personal Jurisdiction [ECF No. 64] is **GRANTED in PART.** Service of process on Dr. Bonilla is **QUASHED.** The alternative motion to dismiss for lack of personal jurisdiction is **DENIED as MOOT.**

**DONE AND ORDERED.**